FRETZ *v.* MURRAY.

1. ACTION ON NOTE—USURY—APPLICATION OF PAYMENTS—FINDINGS OF COURT.

Where in an action upon a note drawn at usurious interest, the cause being tried before the court without a jury, the findings show simply that the defendant paid to the plaintiff, prior to the commencement of suit, sums to a stated amount, it will be presumed that the payments were general.

2. SAME.

A general payment by the maker upon a promissory note, the interest on which is void as in excess of the rate prescribed by Act No. 156, Pub. Acts 1891, must be applied in reduction of the principal.

Case made from Kent; Adsit, J. Submitted June 17, 1898. Decided October 3, 1898.

*Assumpsit* by Harriet C. Fretz against Bernard Murray on a promissory note. Plaintiff had judgment for less than the amount claimed, and she assigns error. Affirmed.

*Cutcheon & Swarthout*, for appellant.

*G. A. Wolf*, for appellee.

LONG, J. This action is brought upon a promissory note of $400, bearing interest at 10 per cent. The note is dated September 26, 1893, and due in three years after date. The cause was tried before the court without a jury, and the court found the following facts and law:

"This action is brought upon a promissory note, of which the following is a copy: * * * This note was given to secure a loan of $400 obtained by Mr. Murray from the plaintiff. Mr. Murray paid to the plaintiff, prior to the commencement of this suit, sums amounting to $135. * * * The defense relied upon is usury, and

defendant insists that under Act No. 156, Pub. Acts 1891, the entire interest is forfeited, and that the court must apply all payments made on the principal.

"(1) The act of 1891 makes a radical change in the policy of our law. The borrower now 'shall not be compelled to pay any interest,' and 'the court shall declare the interest to be void.' Those States having similar laws to our present statute appear to have followed the construction contended for by the defendant.

"(2) In accordance with these principles, I am compelled to apply the $135 upon the principal sum, and render judgment for only $265."

Judgment was entered for that amount. Plaintiff's counsel duly filed exceptions to the findings of law made by the court, but took no exceptions to the findings of fact. Plaintiff assigns error.

Section 1, Act No. 156, Pub. Acts 1891, provides that parties may stipulate in writing for the payment of interest not exceeding the rate of 8 per cent. per annum. It is provided by section 2:

"No bond, bill, note, contract, or assurance made or given for or upon a consideration or contract whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken, or received than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken, or received than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

By section 3 it is provided:

"Whenever it shall satisfactorily appear by the admission of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security, or any evidence of debt has been taken or received in violation of this act, the court shall declare the interest thereon to be void."

The contention of plaintiff's counsel is that the action was not brought to compel the defendant to pay any interest; that no interest was demanded or sued for; and

that, in the absence of a statute providing therefor, voluntary payments of usury cannot be set off in an action on the debt.

The Revised Statutes of 1838 (page 160) fixed the rate of interest at 7 per cent., but permitted 10 per cent. if stipulated in writing. A contract reserving a greater rate was not thereby made void, but in an action thereon the defendant was to recover costs. It was further provided that "the plaintiff shall forfeit threefold the amount of the usurious interest so reserved, taken, or received, and ·shall have judgment for the balance only which shall remain due after deducting from the principal and lawful interest the said threefold amount." This clause was repealed by Act No. 47, Laws 1843, and the following clause substituted: "The plaintiff shall have judgment for the principal and legal interest only." The statute of 1838 also provided, by section 7, that "whenever a greater rate of interest than is allowed by law shall have been paid, the party paying the same may recover back threefold the amount of the excess of such interest so paid, by action of debt: *Provided*, that such action shall be prosecuted within one year from the time when such interest shall have been paid." This section was also repealed by Act No. 47, Laws 1843. There was no change in the law upon this subject until Act No. 138, Pub. Acts 1887, was passed, which provided a rate of 6 per cent., with privilege to contract in writing for not more than 10 per cent. But in this act no forfeiture was declared. The statute under consideration declares no forfeiture, but expressly provides that the note, bond, etc., shall not be rendered void by reason of a greater interest charge being made. It is, · however, further expressly provided that, in any action brought on such usurious contract, if it shall appear that a greater rate of interest has been reserved, etc., "the defendant shall not be compelled to pay any interest thereon." It does appear that a greater rate of interest than allowed by law has been reserved in this contract. The only question, then, for consideration, is whether, by

a judgment for the whole amount of the principal, the defendant would be " compelled to pay any interest thereon."

The plaintiff having taken no exceptions to the findings of fact, and no request for further findings having been made, we cannot refer to the testimony in the case, but must be governed by the facts found by the trial court. The court failed to find whether the payments made upon the note were for interest charges or were made generally upon the note. The burden was on the plaintiff to show the payments were made on the interest. The court below did not so find, and we must, therefore, presume that the payments were general. The rule is that, so long as any part of the principal debt remains unpaid, the debtor has the right to have all payments previously made applied by the court as so much paid on the debt itself. 27 Am. & Eng. Enc. Law, 963, and cases there cited. The statute of Illinois is substantially the same as ours. It declares all interest forfeited on usurious contracts. This statute was before the United States Supreme Court in *Fowler* v. *Equitable Trust Co.*, 141 U. S. 384. It appeared that the borrower paid the agent of the lender a commission of $100, which was held to make the note usurious. The statute provided that, if a higher rate of interest than 10 per cent. was taken, the lender should forfeit the entire interest, and could recover the principal sum only. Fowler, the appellant, contended that all payments of interest must be applied on the principal. The court, in passing on this question, said:

" The result is that the recovery must be limited to the principal sum due the company. The statute declares, in respect to an usurious contract, that the lender shall only recover the principal sum due; in other words, that judgment shall be rendered only for that sum. But what are the rules for the guidance of the court in determining the principal sum due? In Illinois, it is settled that a party making application to a court of equity for affirmative relief against an usurious contract is entitled to such relief

only upon the condition that he shall pay or offer to pay the principal sum with legal interest. * * * It is equally well settled there that one who has voluntarily paid usurious interest cannot recover it back in an action at law. * * * But it is the established doctrine of the supreme court of that State that these rules have no application where the transaction has not been settled, and the lender sues to recover a balance due on the principal sum. In such a case, the borrower, being sued, may have all payments made by him on account of interest applied in diminution of such part of the principal as remains unpaid. * *. * Such is the uniform construction of the statute which, in the case of usury in a loan, forfeits the whole of the interest contracted to be received, and permits a recovery only for the principal sum due. As there is no interest really due if the transaction be usurious, the right to recover interest being forfeited at the moment the contract of loan is consummated, whatever the borrower pays on account of the loan must go as credit on the principal sum; otherwise the usurer would get the benefit of his illegal contract, and the statute be rendered inoperative."

Under the North Carolina statute, the entire interest is forfeited in usurious contracts, and the courts apply all payments of interest, though made as such, upon the principal debt. *Moore* v. *Beaman,* 111 N. C. 328; *Gore* v. *Lewis,* 109 N. C. 539. In *Gill* v. *Rice,* 13 Wis. 553, the supreme court of Wisconsin held that, where no direction had been given by the debtor, the law would apply a payment upon a usurious contract to the extinguishment of the principal sum loaned. The same rule is adopted in *Stanley* v. *Westrop,* 16 Tex. 200. In *Bateman* v. *Blake,* 81 Mich. 227, this court applied the rule that on usurious contracts the payments, though made as interest, must be applied upon the lawful debt, although the statute at that time avoided the excess of interest only.

In the present case we need follow only the rule that, the payments being made generally, the court was right in deducting the payments from the lawful debt; that is, from the principal of the note.

The judgment below must be affirmed.

The other Justices concurred.