ESTEY *v.* CAPITOL INVESTMENT, BUILDING & LOAN
ASSOCIATION.[1]

1. BUILDING AND LOAN ASSOCIATIONS—INTEREST—USURY.

2 Comp. Laws, § 7584, providing that no premiums, fines, nor
interest on premiums accruing to a building and loan associa-
tion organized under the act of which said section is a part
shall be deemed usurious, does not extend to a specific reserva-
tion of interest on a loan, and, if the same exceeds the rate
prescribed by the general statute, the contract is usurious.[2]

2. SAME—PREMIUMS—HOW PAYABLE.

Under 2 Comp. Laws, § 7581, providing that the premium bid by
a borrowing stockholder in a building and loan association
may be deducted from the loan in one amount, or may be paid
in installments, such premium need not be a definite sum,
but may be a continuing premium of a stated per cent. on the
loan.

3. INTEREST—USURY—APPLICATION OF PAYMENTS.

Under 2 Comp. Laws, §§ 4857, 4858, providing that the court
shall declare void the interest reserved by a usurious contract,
and that the debtor shall not be compelled to pay any interest,
money paid specifically as interest under a usurious contract
should be applied on the principal.

Appeal from Shiawassee; Smith, J. Submitted Febru-
ary 18, 1902. (Docket No. 47.) Decided October 7, 1902.

Bill by David M. Estey against the Capitol Investment,
Building & Loan Association to restrain the foreclosure
of a mortgage. From a decree for defendant, complain-
ant appeals. Reversed.

[1] Rehearing denied January 5, 1903.

[2] For usury in loans by building and loan associations, see note to
*Reeve* v. *Ladies' Building Ass'n,* (Ark.) 18 L. R. A. 129.

*Rolland J. Cleland* ( *Knappen & Kleinhans,* of counsel), for complainant.

*Cahill & Wood* ( *Rollin H. Person,* of counsel), for defendant.

MONTGOMERY, J.   The complainant filed a bill to restrain the foreclosure of a mortgage given to defendant to secure the repayment of $1,500, advanced to complainant in accordance with the terms of the defendant's by-laws.   These by-laws provided for the payment, monthly, of $18, to be applied as follows:   Installments on stock, $4.50; interest (75 cents per month on each $100), $11.25; premium (15 cents per month on each $100), $2.25.

It is apparent that the contract was usurious, unless it can be treated as one authorized by law, and exempted from the usury laws.   An elaborate argument is made to show that the contract by complainant was not essentially a loan, but a purchase of stock, and that, therefore, the usury law does not apply.

This court has recognized the dual relation of a borrowing stockholder,—*i. e.,* that a stockholder may be a borrower,—and that the two relations are in a sense separate and distinct.   *Phelps* v. *Loan Ass'n,* 121 Mich. 343 (80 N. W. 120); *Russell* v. *Pierce,* 121 Mich. 211 (80 N. W. 118); *Myers* v. *Building Ass'n,* 117 Mich. 389 (75 N. W. 944).   In the case last cited we distinctly held that, to entitle these associations to the privilege of charging more than the rate of interest fixed by the general laws of the State, they must comply with the provisions of the law under which they are organized.   In the present case there can be no doubt that the defendant exacted an interest in excess of the 8 per cent. per annum, which was the highest rate authorized to be reserved by the statute in force when the contract in question was made.   The contract reserved 9 per cent. per annum as interest, and 1 4-5 per cent. as premium, so called.

Section 7581, 2 Comp. Laws, provides for competitive bidding by proposed borrowers, and authorizes a premium

bid in open meeting to be secured.    And section 7584 provides:

" Corporations organized under this act being of the nature of co-operative associations, therefore no premium, fines, nor interest on such premiums that may accrue to the said corporation, according to the provisions of this act, shall be deemed usurious, and the same may be collected as other debts of like amount may be collected by law in this State."

It will be seen that this section does not exempt a reservation of interest, as such, from the general usury statute, but only premium and interest on such premium.    It is clear, therefore, that in exacting interest at 9 per cent. the company exceeded the authority of the statute, and that the contract was usurious.

The statute (2 Comp. Laws, § 7581) provides for awarding loans to the stockholder who shall bid the highest premium for priority, and further provides:

" The said premium bid may be deducted from loan in one amount, or may be paid in such proportional amounts or installments, and at such times during the existence of the shares of stock borrowed upon, as may be designated by the by-laws of the respective associations."

It is contended that, under this statute, the premium bid must be a definite sum, payable either in gross or in installments for a stated period.    The case of *Mechanics', etc., Bldg. Ass'n* v. *Wilcox*, 24 Conn. 147, is cited to sustain this contention, and in its reasoning goes far towards doing so; but in that case no such statute as ours was under consideration.    In *Cantwell* v. *Welch*, 187 Ill. 275 (58 N. E. 414), the supreme court of Illinois sustained a contract for premium like the present under a statute like ours.    We think a bid of a premium of a stated per cent. is authorized by this statute.    It is true it may not be known in such case just what the aggregate of the premium may be; but, on the other hand, if a stated sum be bid as premium, it is not known what rate per cent. this will amount to, for it cannot be known when the stock will

mature.    Requiring a bid of a definite per cent. affords no greater opportunity for deception or oppression in making a contract of this character than does a requirement of a bid in gross.

It is also contended that the premium bid was not binding, for the reason that competitive bidding was not allowed. The complainant testifies that he understood that there was such a system as bidding for priority of rights, and we are not satisfied that he did not understand that he was free to bid according to his judgment, or that he understood that his bid would not be considered if less than 20 cents per share.    Indeed, if he knew that there was a system of competitive bidding, the presumption is that he knew that the board was bound to accept the best bid given, whatever it might be.

But, as the express reservation of 9 per cent. interest was illegal, it tainted the contract.    What is the complainant's remedy?    It is claimed that all payments made should be applied on principal, and that, on payment of the balance of the principal, the mortgage should be discharged.    On the other hand, it is contended that money paid as interest cannot be recovered back.    This question was discussed by Mr. Justice Long in *Fretz* v. *Murray*, 118 Mich. 302 (76 N. W. 495).    In that case it was held that, where payments were made upon a usurious contract without designation, they should be applied in extinguishment of the lawful debt,—*i. e.*, the principal; but the court found it unnecessary to decide whether payments made on the contract as interest should be applied in reduction of the principal.    The case of *Fowler* v. *Trust Co.*, 141 U. S. 384 (12 Sup. Ct. 1), was cited, holding that the payments shall be so applied.    We are satisfied with the reasoning of that case, and hold that, where it is sought to enforce a contract which was usurious at its inception, in so much as our statute provides that the court shall declare the interest void (section 4858), and that the debtor shall not be compelled to pay interest (section 4857), the recovery

should be limited to the principal sum, less payments actually made, however designated at the time of payment. This is the only rule which effectuates the intent of the statute. *Bateman* v. *Blake*, 81 Mich. 227 (45 N. W. 831); *Martin* v. *Building Ass'n*, 2 Cold. 418; *Moore* v. *Beaman*, 111 N. C. 328 (16 S. E. 177); *Borrowers', etc., Bldg. Ass'n* v. *Eklund*, 190 Ill. 257 (60 N. E. 521, 52 L. R. A. 637).

The decree will be reversed, and a decree entered in accordance with this opinion.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.