|137    227|
|143   ¹512|

## MALONE *v.* DANFORTH.

1. MORTGAGES—DEED AS SECURITY—EQUITY.

   Complainant, being the owner of the equity of redemption of certain premises, agreed to convey them to defendant, if the latter would advance money sufficient to redeem, and allow him to repurchase within two years upon payment of advances, interest, and expenses. Defendant was authorized to sell

within two years, deduct from proceeds of sale his advances, interest, and expenses, and account to complainant for the balance. Thereafter the complainant conveyed by warranty deed to defendant's wife subject to the mortgage. *Held*, that the transaction should be treated as a mortgage and complainant's right to repurchase did not lapse at the end of two years.

2. EQUITY—MAXIMS—USURY.

One who comes into equity to have a deed and contract declared to be a mortgage must be prepared to do equity, and will be required to pay legal interest although the contract rate was usurious.

Appeal from Berrien; Coolidge, J. Submitted April 5, 1904. (Docket No. 9.) Decided July 16, 1904.

Bill by George J. Malone, by Cora Malone Smith, guardian, against Erskine Danforth, Flora A. Danforth, and Herbert M. Danforth to have certain conveyances declared mortgages. From the decree rendered, all parties appeal. Modified and affirmed.

*O'Hara & O'Hara* and *G. M. Valentine*, for complainant.

*Harris S. Whitney* and *Gore & Harvey*, for defendants.

MONTGOMERY, J. On June 24, 1899, complainant, the estate of Rachel Malone, deceased, and the defendant Erskine Danforth, acting for himself and Flora A. Danforth, entered into an agreement as follows:

" *Whereas*, that certain tract of land situated in the township of St. Joseph, county of Berrien, and State of Michigan, described as follows, to wit: That certain parcel of land described in a warranty deed dated June 9, 1886, wherein Rachel Malone is party of the first part, and George Julius Malone is party of the second part, recorded in the office of the register of deeds for Berrien county, November 11, 1886, in liber 82 of deeds, on page 208, except 10 acres sold to John Jacobson, and also described in the mortgage hereinafter referred to, was on

June 24, 1898, sold at mortgagee's sale to William R. Lyon, mortgagee, and the amount required to redeem said land from said sale is the sum of $904.25; and

" *Whereas*, said lands were sold June 27, 1898, at mortgagee's sale under a mortgage dated March 12, 1897, for the principal sum of $2,000.00, said mortgage being a first lien on said premises; and

" *Whereas*, said last-described mortgage is controlled by William R. Lyon, and the amount required to redeem therefrom June 27, 1899, will be the sum of $2,418.67; and

" *Whereas*, the estate of Rachel Malone, deceased, owns a third mortgage on said premises for the principal sum of $600, together with interest thereon:

" *Now, therefore*, Erskine Danforth, of Benton Harbor, Michigan, agent for Flora A. Danforth and George J. Malone, of St. Joseph, Michigan, and the Estate of Rachel Malone, deceased, contracts and agrees as follows, to wit: In consideration of Erskine Danforth advancing the money, to wit, $3,322.92, necessary to redeem said lands from said foreclosure sales, the other parties hereto agree that said Danforth may redeem said lands and become the absolute owner of the fee thereof; and

" *Whereas*, the actual value of said lands is agreed to be in excess of $6,000.00, said Danforth agrees with the other parties hereto, and does hereby covenant, to sell said lands to said parties on the following terms, viz. : The sum of $3,322.92 together with 8 per cent. interest thereon for two years, and in addition to said principal and interest, all expenses of said Danforth in the premises, together with $2.00 per day for the time spent by said Danforth in the care of said premises and this contract; and said Danforth does further agree to execute or cause to be executed and delivered to said other parties, or their purchasers, a good and sufficient deed of said premises upon the payment to him of the sums aforesaid within two years from the date hereof.

" And said George J. Malone agrees with and to said estate of Rachel Malone, deceased, in consideration of the latter joining in this contract, and the amount due said estate on its said mortgage upon said premises, to pay said third mortgage together with the interest due thereon out of the first moneys realized from a sale of said premises within said two years after the payment of the sums due by the terms of this agreement to Erskine Danforth.

" And said Erskine Danforth is hereby granted the ab-

solute right in his own discretion within two years from date hereof, to sell said premises for such sum as he sees fit regardless of the rights of the other parties hereunder, but in the event of a sale of said lands by said Danforth, it is agreed that after the payment of the sums due him by the terms of this agreement he shall account for the balance, if there be a balance, over and above his claims aforesaid of the purchase price of said lands, as follows: He shall first pay the amount due the estate of Rachel Malone, deceased, and all the remainder after such payment shall be paid to George J. Malone."

At this time complainant was the owner of the equity of redemption in the land described, which was worth, as the evidence would indicate, about $7,000. He was without other means, and was a profligate and an habitual drunkard. On the 5th of July, 1899, upon no new consideration, complainant made a warranty deed to Flora A. Danforth, subject to the mortgages named in the original agreement. Danforth has also fortified his title by purchasing, in the names of his son and daughter, respectively, certain tax titles and the Malone estate mortgage.

The property not having been sold within the two years named, the defendants insist that complainant's right to repurchase has lapsed, and that the agreement between the parties was an optional contract only. Complainant files this bill, asking that these conveyances be decreed to constitute an equitable mortgage, and praying that the lands be sold, and any residue over and above the amount due to the defendants be paid over to him.

The questions involved are mainly questions of fact; the principal question being what the parties intended by the agreement of June 24, 1899. We are convinced that, so far as complainant was capable of forming any intent, his purpose was to place this property in Danforth's hands as security for the advance made, and that equity should treat the transaction as a mortgage. See *Sowles* v. *Wilcox*, 127 Mich. 166 (86 N. W. 689); *Carveth* v. *Winegar*, 133 Mich. 34 (94 N. W. 381); *Campbell* v. *Dearborn*, 109

Mass. 130 (12 Am. Rep. 671).   The court below so decreed,
and granted redemption.

The complainant, having appealed, protests against the
allowance of interest on the moneys advanced, on the
ground that the contract was usurious.   This contention
cannot prevail.   The contract is not in its terms a mort-
gage.   The complainant seeks to have a court of equity
declare it such, and, in asking aid, he should be prepared
to do equity.   The court below decreed simple interest,
and this order is affirmed.

We think the amount fixed by the circuit judge by
way of allowances for services was just and fair, and his
computation is in all respects approved, with the exception
of an error in computation of interest on the principal
item.   As we compute the interest, the total due on this
item as of date May 24, 1903, is $4,103.80, instead of $4,-
080.29, as stated in the decree, and the total due at that
date is $4,958.39, instead of $4,934.78, as decreed.

As so modified, the decree will stand affirmed.   No costs
will be awarded in this court.

The other Justices concurred.