### VANDERVELDE v. WILSON.

1. USURY—INTENT—WRITTEN CONTRACT—MORTGAGES—TAXATION.
    In addition to 7 per cent. interest provided for in a mortgage, it was usury to stipulate that the mortgagor should pay the mortgage tax, whether or not the parties actually intended to carry out the arrangement.

2. SAME—EQUITY.
    Under the statutes of this State, no remedy in equity is provided for the mortgagor to restrain the foreclosure of the security on the ground of usury, or to obtain relief for usurious provisions in the instrument. 1 Comp. Laws, §§ 4857, 4858 (2 How. Stat. [2d Ed.] §§ 2870, 2871).

3. SAME—EQUITABLE REMEDIES—PLEADING.
    Since statutes forbidding usury are penal in character, they must be strictly construed, and if a complainant is not strictly within the terms of the statute relieving the borrower of interest, he must offer or tender in his pleading in chancery to pay the principal and five per cent. interest thereon.

4. SAME.
    Unless some attempt has been made by the mortgagee to enforce payment of the mortgage tax as provided for in the contract, no equitable relief can be awarded in a suit to enjoin foreclosure by advertisement.

Appeal from superior court of Grand Rapids; Stuart, J. Submitted January 23, 1913. (Docket No. 10.) Decided July 9, 1913. Rehearing denied November 3, 1913.

Bill by Maggie Vandervelde against Charles M. Wilson for an injunction. From a decree for defendant, complainant appeals. Affirmed.

*Myron H. Walker,* for appellant.

*Hugh E. Wilson,* for appellee.

KUHN, J. The bill of complaint in this cause is filed to restrain the foreclosure of a mortgage by advertisement. The rate of interest specified in the mortgage is 7 per cent. and, in addition, the mortgage provides:

"It is expressly agreed, that the said party of the first part, within thirty days after the same become due and payable, will pay all taxes and assessments which shall be levied upon the said lands, or upon or on account of this mortgage, or the indebtedness secured hereby, or upon the interest or estate in said lands created, conveyed or represented by this mortgage, or by said indebtedness, whether levied against said party of the first part, his legal representatives or assigns, or otherwise; and the said party of the first part hereby waives any and all claim or rights against said party of the second part, his legal representatives or assigns, to any payment or rebate on, or offset against, the interest or principal of said mortgage debt by reason of the payment of any of the aforesaid taxes or assessments. And that in default of the payment of any or all of said above-mentioned duties, assessments and taxes, by said party of the first part, within the time prescribed by law, it shall be lawful for said party of the second part, his executors, administrators or assigns, to pay and discharge any or all of said above-mentioned duties, assessments and taxes, and the moneys thus paid by said party of the second part, shall be a lien on said premises, added to the amount secured by this mortgage, and payable forthwith with interest at the rate of seven per cent. per annum."

It is claimed by complainant that the mortgage is usurious, because it provides for the payment of 7 per cent. interest and, in addition, the taxes upon the mortgage, and that in default of such payment such amount shall be a lien on the premises added to the amount secured by the mortgage; also, that because the contract is usurious all payments made should be applied on the principal in reduction of the same. It is contended by the defendant that the trial judge who dis-

missed the bill came to a correct conclusion, for these reasons, as stated in the brief:

(1) The mortgage is not usurious, because there was no intent to compel the complainant to pay more than 7 per cent., the legal rate.

(2) This suit cannot be maintained under the statute upon which the complainant relies.

(3) Complainant cannot maintain this suit because she has not offered to do equity.

In support of the proposition that there was no intent, testimony of the defendant was taken to show that he had no intention at the time of the making of the mortgage of asking the complainant to pay any tax on it; that he "never asked her to pay it or never considered the subject of asking her to pay it." It is contended that the intent must be proven, and that in view of this testimony it will not be presumed. The contract here made is unambiguous, and its legal meaning clear. It follows that the parties to the contract must be held to have intended the result expressed by the contract. It speaks for itself. Mr. Page, in his work on Contracts (page 730), says:

"The view taken by other courts makes the contract for unlawful interest usury without reference to the intention of the parties. Apart from mistakes in expression and in computation, this is undoubtedly the correct view. Hence a bona fide mistake of law does not prevent the contract from being usurious."

The insertion of the mortgage tax clause cannot be said to be a mistake in expression or computation, and no such claim is made in the answer of defendant. Our attention is challenged to the case of *Fifth Nat. Bank* v. *Pierce,* 117 Mich. 376 (75 N. W. 1058). In that case it clearly appeared that it was a clerical error, and such a mistake as should be corrected. In *Becker* v. *Headsten,* 137 Mich. 478 (100 N. W. 752), cited to be directly in point by defendant, it appears that the mistake was one in computation. In the case

of *Green* v. *Grant,* 134 Mich. 462, 467 (96 N. W. 583, 585), this court said:

"Nor can we assent to the contention of defendant that a contract is usurious because the aggregate of interest reserved and taxes paid exceeds the maximum allowed by the statute. In our judgment, such a contract is not usurious *per se.* Whether or not it is usurious depends upon the intention of the lender. If, at the time the contract was made, he knew that the aggregate of interest reserved and taxes to be paid would exceed the statutory rate, as he would if the interest reserved was the maximum interest, the contract is usurious. If, on the other hand, at that time he believed that the aggregate of interest and taxes would not exceed the maximum rate allowed by statute, it would be as contrary to law as to good morals to declare it usurious."

Counsel says that the statement in the opinion, "as he would if the interest reserved was the maximum interest," is *obiter dictum.* This is, however, a correct statement of the law, and when the contract in terms reserves usury the intent is necessarily implied. *Fretz* v. *Murray,* 118 Mich. 302 (76 N. W. 495); *Estey* v. *Loan Ass'n,* 131 Mich. 502 (91 N. W. 753); *Stack* v. *Cedar Co.,* 151 Mich. 21 (114 N. W. 876, 16 L. R. A. [N. S.] 616, 14 Am. & Eng. Ann. Cas. 112); *Rosen* v. *Rosen,* 159 Mich. 72 (123 N. W. 559, 134 Am. St. Rep. 712); *Continental Nat. Bank* v. *Fleming,* 170 Mich. 624 (134 N. W. 656); 39 Cyc. p. 920.

Complainant relies upon sections 4857 and 4858, 2 Comp. Laws (2 How. Stat. [2d Ed.] §§ 2870, 2871), which provide:

"(4857) SEC. 2. No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear

that a greater rate of interest has been, directly or in-
directly, reserved, taken or received, than is allowed
by law, the defendant shall not be compelled to pay
any interest thereon.

"(4858) Sec. 3. Whenever it shall satisfactorily
appear by the admission of the defendant, or by proof
that any bond, bill, note, assurance, pledge, convey-
ance, contract, security, or any evidence of debt has
been taken or received in violation of this act, the
court shall declare the interest thereon to be void."

These two sections were enacted at the same time
by the legislature in 1891 and must be construed
together. Section 2 is a copy of section 4 of the
previous usury statute—1 How. Stat. (1st Ed.) § 1595
—with the exception that section 4 merely forfeited
the interest in excess of the legal rate, while the act
of 1891 forfeits all interest. In the previous act, "the
following section"—1 How. Stat. (1st Ed.) § 1596
(Sec. 5)—exempted bona fide holders of negotiable
paper from the provisions of section 4 of that act.
The words in section 2 of the act of 1891, "except as
is provided in the following section," were undoubtedly
inadvertently left in the section, as section 3 of the
present act contains no exceptions whatever from the
provisions of the previous section. The section with
reference to the bona fide holders of negotiable paper
was omitted from the act of 1891 and section 3 was
added. When this section was added the following
statutes appeared in the statutes of the State of New
York (Banks & Bros. Rev. Stat. of 1889, pt. 2, chap.
4, tit. 3 [8th Ed.], vol. 4, p. 2514) :

"Sec. 4. Whenever any borrower of money, goods
or things in action, shall file a bill in chancery for
relief or discovery, or both, against any violation of
the provisions of the said title or of this act, it shall
not be necessary for him to pay or offer to pay any
interest or principal on the sum or thing loaned; nor
shall any court of chancery require or compel the pay-
ment or deposit of the principal sum or interest, or

any portion thereof, as a condition of granting relief or compelling or discovering to the borrower in any case, usurious loans forbidden by said title or by this act.

"Sec. 5. Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security, or any evidence of debt, has been taken or received in violation of the provisions of said title or of this act, the court of chancery shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

Section 3 of our act is practically a copy of section 5 of the New York statute, excepting that the latter part of the New York section is omitted from ours. The New York statute expressly provides for the filing of a bill in chancery by the borrower to obtain relief from a usurious contract, but our legislature in adopting section 3 omitted all reference to such relief in a court of equity, unless it can be said that the words "admission of the defendant" left in the section are sufficient to warrant the conclusion that it was the intention to give the right to proceed in that way. It seems clear, however, that if such had been the intention of the legislature a provision similar to the latter part of section 5 of the New York statute would have been enacted into our statute, and the chancery court given explicit power. The failure to do this is to our minds very significant, and it seems that all the legislature desired to do, and did do, was to strengthen the provisions of section 2 and give the court the power, if an effort is made to collect usurious interest, to declare it void. We are forced to the conclusion that the words, "by the admission of the defendant," were also inadvertently left in the section and have no meaning in the section, as they are entirely inconsistent with the remainder of the act, which refers only to actions brought by the lender to enforce a usurious contract.

Usury statutes, being penal in character, must be

strictly construed, and unless the statute takes away equitable rights it follows that they remain. He who asks equity must do equity. Webb, in his work on Usury (page 398), says:

"But where the bill for relief against an usurious contract does not come strictly within the terms of the statute relieving the borrower of either paying or tendering interest in addition to the principal he will be governed by the general rule of law and compelled to pay or tender both principal and legal interest, for such statutes are construed strictly.'

Complainant, in order to obtain relief in a court of equity against an attempt to collect usurious interest, must offer to pay the principal and legal interest, it being understood that this means the legal rate of interest fixed by the statute and not the rate provided for in the mortgage. Complainant relies upon the case of *Estey* v. *Loan Ass'n*, 131 Mich. 502, at page 505 (91 N. W. 753). While the opinion does not expressly show it, the record of the case, which we have examined, discloses that the defendant filed a cross-bill and sought to enforce its mortgage. Mr. Justice MONTGOMERY, who wrote the opinion, must have had this in mind, for he says:

"We * * * hold that, *where it is sought to enforce a contract* which was usurious at its inception, in so much as our statute provides that the court shall declare the interest void (section 4858), and that the debtor shall not be compelled to pay interest (section 4857), the recovery should be limited to the principal sum, less payments actually made, however designated at the time of payment."

This court, in the case of *Malone* v. *Danforth*, 137 Mich. 227, at page 231 (100 N. W. 445), in which it was sought to have a deed and contract declared to be a mortgage and the contract rate of interest was usurious, said:

"The complainant, having appealed, protests against

the allowance of interest on the moneys advanced, on the ground that the contract was usurious. This contention cannot prevail. The contract is not in its terms a mortgage. The complainant seeks to have a court of equity declare it such, and, in asking aid, he should be prepared to do equity. The court below decreed simple interest, and this order is affirmed."

This is controlling of the instant case. No attempt having been made to collect illegal interest, complainant in a court of equity had no reason to complain.

The decree dismissing the bill is affirmed, without costs to either party in this court and with costs to the prevailing party in the court below.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.