DALTON *v.* WEBER.

1. USURY—MORTGAGES—TAXES, PAYMENT BY MORTGAGOR—REDEMPTION.

A mortgage executed by plaintiff and his wife bearing interest at 6 per cent., and providing in addition thereto that the mortgagors should pay all taxes and assessments levied upon the lands or upon or on account of the mortgage or the indebtedness secured thereby; and it appearing that the mortgagee paid taxes upon its personal estate at the rate of over 2 per cent., *held,* usurious. *Union Trust Co.* v. *Radford,* 176 Mich. 50.

2. SAME—BONUS.

A mortgage calling for $10,000, while the amount actually paid to and received by the mortgagors was only $7,165.19, *held,* usurious.

3. SAME—ATTORNEY IN FACT—PRINCIPAL AND AGENT—INFERENCES.

Where the loan was made by defendant's attorney in fact, and it is undisputed that the bonus claimed by plaintiffs was exacted, the court will not infer that the exaction was for the sole benefit of the agent, in the absence of evidence that the principal did not benefit by it.

4. SAME—EQUITY—INTEREST—FORFEITURES.

On a bill by the mortgagors to redeem from foreclosure by advertisement of a usurious mortgage, equity will require them to pay the legal rate of interest, since to remit the interest would amount to forfeiture; the proceeding not being one by the usurious lender seeking to enforce usury.

5. PARTIES—MORTGAGES—FORECLOSURE—REDEMPTION—JURISDICTION—APPEAL AND ERROR.

Where one of the defendants was a nominal holder only of a tax lease on the mortgaged premises for the benefit of the mortgagees, he was a proper party to a bill to redeem from the mortgage lien; but where he was not served with process, has had no opportunity to answer, and has not been heard, the court acquired no jurisdiction to adjudicate his rights, and the decree against him will be reversed although he did not in proper time claim an appeal.

Appeal from Wayne; Bridgman, J., presiding. Sub-

mitted June 4, 1918.   (Docket No. 14.)   Decided December 27, 1918.

Bill by Robert M. Dalton and another against Joseph F. Weber, Sarah A. Warner, Franklin E. Bushman and others to redeem from certain mortgage foreclosures.   Defendant Warner filed a cross-bill asking affirmative relief.   From the decree rendered, all parties appeal.   Modified as to plaintiffs and defendants Weber.   Affirmed as to defendant Warner.   Reversed as to defendant Bushman.

*Harrison Geer,* for plaintiffs.

*Wilkinson, Routier & Hinkley,* for defendants Weber and Bushman.

*Stellwagen & MacKay,* for defendant Warner.

OSTRANDER, C. J.   Plaintiffs, who are husband and wife, and who reside in Detroit, executed a mortgage upon real estate in the city of Detroit to the Detroit Fire & Marine Insurance Company to secure the payment of a note for $18,000, made by Robert M. Dalton to said mortgagee, with interest at the rate of six per cent. per annum.   On the same day, which was January 21, 1911, they executed a second mortgage upon the same real estate to J. Cotter Weber, of Chicago, Illinois, as mortgagee, to secure the payment of a note, made by both of the plaintiffs, for $10,000 and interest at the rate of six per cent., payable quarterly. Each mortgage contains the covenant that the mortgagor, within 40 days after the same become due and payable, will pay all taxes and assessments levied upon the lands or upon or on account of the mortgage or the indebtedness secured thereby, whether levied against the mortgagor or otherwise.   Interest was paid upon these mortgages until and to October 1, 1913.   October 23, 1912, $1,500 was paid on the principal of the first

mortgage. November 14, 1913, the Detroit Fire & Marine Insurance Company assigned the first mortgage and note to J. Cotter Weber. The mortgagors having defaulted, both mortgages were foreclosed by advertisement. Upon the second mortgage, the property was bid in in the name of J. Cotter Weber, and the sheriff's deed, dated February 19, 1914, reciting that the property was sold on that day for the full amount of the mortgage, with interest, namely, $10,-547, and that the deed would become absolute February 19, 1915. Upon the foreclosure of the first mortgage, the property was bid in in the name of J. Cotter Weber, and the sheriff's deed, dated July 28, 1914, recited that the bid was the full amount of the mortgage, $17,550.60, and that the same would become absolute July 28, 1915. Plaintiffs on March 23, 1915, filed their amended bill of complaint, in which Joseph F. Weber, Frank J. Weber, and Florence K. Weber, his wife, Thomas M. Weber, J. Cotter Weber and Sarah A. Warner are made defendants, the latter upon the charge that she is a subsequent incumbrancer of the premises, holding a mortgage thereon in the form of a deed executed to her by the plaintiffs as security for a loan. The relief prayed for is that the sheriff's sales and deeds in the said statutory foreclosure proceedings may be set aside and the premises redeemed from said liens; that an accounting may be had to ascertain the amount due upon the mortgages, and in that connection—

"your orators hereby offer to do equity and to pay, within such time as may be fixed by the court, the amount of principal and lawful interest which shall be determined by this court, on such accounting, to be due as aforesaid."

It is charged in the bill of complaint that the property in question is worth $60,000 and more, plaintiffs deriving rents therefrom amounting to more than $5,-000 a year; that in 1910 it was sold upon a chancery

foreclosure of a mortgage, made to and held by the Detroit Fire & Marine Insurance Company, and that, no redemption having been made from that sale, the plaintiffs later secured a conveyance to themselves from the Detroit Fire & Marine Insurance Company of the premises for $24,676.19, which amount was paid by executing to said Detroit Fire & Marine Insurance Company the mortgage first hereinbefore described for $18,000 and $6,678.19 by the check of J. Cotter Weber. (The discrepancy of two dollars between the amount due to the insurance company and the amount paid it is understood to be the cost of recording the mortgage.) It is further charged that the amount of this check, plus a sum claimed to have been paid for taxes, was the actual consideration for the note and mortgage for $10,000 hereinbefore described. It is further charged that the said second mortgage and note were executed to J. Cotter Weber, of Chicago, to avoid the payment of taxes on the mortgage under the statutes of Michigan and that if the said J. Cotter Weber has any actual existence he never had any actual interest in either of said mortgages or notes, and that Joseph F. Weber and Frank J. Weber, the only persons with whom plaintiffs had any dealings, are the principals in the transaction. Finally, plaintiffs charge that Robert M. Dalton was in financial distress at the time that the said mortgages were given and was compelled to and did accede to the demands of the said Joseph F. and Frank J. Weber, who had knowledge of his condition, and in and by the said second note and mortgage agreed to pay them about $3,000 as a bonus for their aid in enabling him to secure a reconveyance of this property from the Detroit Fire & Marine Insurance Company.

J. Cotter Weber made a separate answer to the bill, in which he avers that he, through Frank J. Weber, his attorney in fact, lent Robert M. Dalton $10,000,

and, in substance and effect, that he knows nothing of any exaction such as is complained of in the bill, expressly denying the charge in the bill that no advancements other than the said check and a small sum for taxes were paid by him to said plaintiff.

Joseph F. and Frank J. Weber filed a joint answer to the bill, denying all charges of wrongdoing. Sarah A. Warner answered the bill and claimed affirmative relief, charging that her deed from the plaintiffs of the property in question was executed to secure the payment of certain moneys for which Robert M. Dalton was indebted to her. She asks that her lien be decreed to be a first lien upon the premises and that the mortgages hereinbefore described be declared to be usurious and of no force or effect against her, and if the court refuses that relief that the defendants Weber be ordered to account for all sums of money received by them usuriously, and she offers to do equity and to pay the amount of principal and lawful interest that shall be determined to be due upon said mortgages. The Webers answered the cross-bill of Sarah A. Warner, and so did the plaintiffs, the latter denying that Robert M. Dalton is indebted to Sarah A. Warner in any such sum as she claims in her cross-bill.

The cause, being at issue, came on for hearing in open court. Testimony was introduced, none of the Webers being called as witnesses. The learned trial judge was of opinion that the $18,000 mortgage, the first one hereinbefore referred to, was not affected, originally or in the hands of Weber, with any infirmity on account of usury; that the second mortgage included a bonus of $3,000, which made the mortgage usurious. A computation was made according to which he found the principal of the second mortgage to be $6,678.19, the amount of the taxes paid $486.96, total $7,165.15, finding the sum due upon both mortgages to be $26,668.25.

At the hearing the plaintiffs called as a witness Franklin E. Bushman, from whom certain testimony was elicited to the effect that he was in the real estate business in Detroit and in the business of loaning money; that one day in the office of Mr. Wilkinson, attorney for the defendants Weber, who was also his, Bushman's, attorney, he was recommended by Mr. Wilkinson to purchase a tax title which he understood was held by Mr. Faust, living in Cleveland, Ohio, and he instructed Mr. Wilkinson to go ahead and buy it for him; that Mr. Wilkinson furnished the money, which he charged to his, Bushman's, account, they having dealings together. The witness testified that he knew Joseph F. and Frank J. Weber and had had more or less business with them; that he understood that Mr. Wilkinson was acting as attorney for the Webers. There appears in the record no cross-examination of this witness. However, there was filed in the cause December 29, 1917 (the cause came on to be heard on the 21st of May, 1917), an order reciting that counsel for both parties having heard the testimony of Franklin E. Bushman,

"and it appearing to the court now herein that Franklin E. Bushman is a necessary party to said cause,"

—that under the authority of the provision of the judicature act (3 Comp. Laws 1915, § 12364) reading:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require,"

—the court had power to add parties, and it was ordered that Franklin E. Bushman be made a party defendant, and that the order be entered *nunc pro tunc* as of May 21, 1917. Under the oral permission of the court, on May 21, 1917, the bill of complaint was amended by adding certain allegations thereto and

among them certain charges which are in effect that a certain tax certificate (city tax lease) affecting the property in question here, assigned to said Bushman by John Faust of Cleveland, is held by said Bushman for the defendants Weber, the real purchasers and owners thereof, and in addition to the other relief prayed for in the bill is the prayer that the defendants be required to come to a just accounting with plaintiffs as to said alleged tax title,

"to the end that the same may be dealt with and extinguished by the final decree of this court in said cause."

The decree, which purports to have been made on the 15th of September, 1917, contains the findings that on the 15th of September, 1917, there was due on the two mortgages $26,496.66, and that J. Cotter Weber is entitled to five per cent. interest on that amount from and after the date of signing the decree; that Sarah A. Warner has a claim against the property of $16,-167.36, subject to the said two mortgages.

"The court doth further find that J. Cotter Weber is purely nominal in the subject-matter of this litigation, and that the parties to be considered are Joseph F. Weber and Frank J. Weber, with whom all negotiations were carried on and completed."

It was further found that the Bushman tax lease was procured in the interest of Joseph F. and Frank J. Weber and should be canceled upon the payment of $650, with six per cent. interest from April 14, 1915. It is ordered that Bushman cancel his tax lease accordingly; that upon the payment of the sum found to be due thereon as stated, with interest, the sheriff's deeds referred to be canceled and removed as a cloud on the title of plaintiffs, and the time is fixed within which payment is to be made, and the rights of the defendant Sarah A. Warner as subsequent incumbrancer are declared.

The printed record does not disclose when the decree of the court was entered. It does appear from the printed record that the plaintiffs, the defendants Weber, the defendant Sarah A. Warner, and the defendant Franklin E. Bushman all claimed the benefit of an appeal to the Supreme Court therefrom. When these various claims were filed does not appear. The return, on file in the office of the clerk of this court, indicates that plaintiffs filed their claim of appeal October 13, 1917, the defendants Weber filed theirs October 17th, that the decree was entered September 26, 1917, and that defendant Bushman filed his claim of appeal December 10, 1917.

The plaintiffs, appellants, claim that the first or $18,000 mortgage was usurious as between plaintiffs and defendants (1) because it must be viewed as part of a single transaction, namely, the purchase of the property from the Detroit Fire & Marine Insurance Company, in which the defendants Weber participated, the alleged usurious exaction of $3,000 being a part of the whole transaction, (2) because the said mortgage in fact exacted more than seven per cent. interest, it having appeared that the Detroit Fire & Marine Insurance Company paid taxes on its personal estate at a rate of over two per cent.; that the second mortgage was usurious because given for $10,000, when as matter of fact $7,000, more or less, was the amount of money actually advanced by the Webers to the plaintiffs, and, both mortgages being usurious, no interest should have been allowed on either to the date of the decree.

We are of opinion that the evidence requires the conclusion that both mortgages are usurious, the first one upon the authority of *Union Trust Co.* v. *Radford,* 176 Mich. 50, the second one because it calls for a sum largely in excess of the amount actually paid to and received by the mortgagors. The contention of the

defendants Weber that J. Cotter Weber, the mortgagee in the second mortgage, is not shown to have had knowledge of the bonus paid to his attorney in fact, through whom, it is claimed, the loan was made and to whom, it is also claimed, he furnished the sum of $10,000, cannot be sustained. Assuming that where a mortgagee furnishes to his agent who makes the loan the full amount called for by the mortgage, the mortgage is not rendered usurious because the agent, by consent of the mortgagor, retains for himself a commission for procuring the loan (see, *Secor v. Patterson*, 114 Mich. 37; *Condit v. Baldwin*, 21 N. Y. 219; *Wyllis v. Ault*, 46 Iowa, 46), we are not satisfied that the principle can be applied here. Plaintiffs have assumed, but have not proved, that J. Cotter Weber is a fictitious, at least a mere nominal, party to the transactions above recited. That he is not a fictitious person seems to be proven by the power of attorney executed and acknowledged by him which is recorded in Wayne county, Michigan, and by the checks made by him by Frank J. Weber, his attorney in fact. He appears to be the mortgagee, the purchaser at the foreclosure sales, the person who furnished the money. The checks given were all drawn on the German-American Bank of Detroit, and there is one for $3,000, payable to the order of Robert M. Dalton, indorsed by Robert M. Dalton and by Frank J. Weber. Admittedly, this check represents a part of the sum of money making up the $10,000 secured by the second mortgage. The testimony of Robert M. Dalton, which is undisputed, is to the effect that this sum represents the bonus exacted by Frank J. Weber, the attorney in fact of J. Cotter Weber. If J. Cotter Weber is a nominal party, then, of course, the exaction made the note and mortgage usurious. If he is the real party in interest, the testimony, we think, should have gone farther and defendants Weber should have made it

appear that Frank J. Weber exacted the $3,000 for his own benefit, and not for the benefit of his principal. In form, whatever business was done appears to have been done for J. Cotter Weber by his attorney in fact. We are not required to infer, and indeed there is little room for the inference, that this money was an exaction or commission which benefited the agent only, unless the apparent agent was, in fact, the principal.

Plaintiffs should be permitted to redeem their property upon equitable terms. They have offered to pay the sums, principal and interest, which the court shall determine to be due. They contend that no interest should be paid, but only the amount of the money actually paid to and received by them. In making this contention, they are asking a court of equity to enforce a penalty, a forfeiture. It is clear, however, that the usurious lender is not in this case, nor in any other judicial proceeding, seeking to enforce usury. Upon the authority of *Vandervelde* v. *Wilson*, 176 Mich. 185, plaintiffs, having had the use of a certain sum of money for a certain period of time, ought to pay the legal rate of interest therefor for the time. This conclusion requires a modification of the decree in plaintiffs' favor.

But as to defendant Bushman the decree must be reversed. Assuming that he is nominal holder only of the tax lease, for the benefit of J. Cotter Weber, and is therefore a proper party to a bill filed to redeem the property from the liens of Weber, Mr. Bushman was not served with the process of the court, has had no opportunity to answer the bill of complaint, and has not been heard, as a party, in a proceeding to adjudicate his right.

We find no occasion for disturbing the decree as to defendant Sarah A. Warner.

A decree will be entered in this court permitting

plaintiffs to, redeem upon payment, within 60 days after the decree is entered, of all sums of money advanced or paid out by defendant Weber on account of the said notes and mortgages, taxes, and for other purposes, with interest thereon at five per cent. per annum, less any and all sums of money paid by plaintiffs, whether as interest or as principal. As to defendant Warner, the decree of the court below will be affirmed. As to defendant Bushman, the decree is reversed, but without costs, the record remanded and leave given to the plaintiffs to properly bring him before the court below to answer the bill and for such further proceedings as are agreeable to equity and in accordance with proper practice. We have not overlooked the fact that Mr. Bushman did not in proper time claim an appeal. The decree against him is not reversed as upon his appeal, but is reversed because it affirmatively appears that the court below acquired no jurisdiction to adjudicate his rights and that as to him the decree is a nullity. The bill, however, is so framed (upon amendment) as to question his interest. If jurisdiction of his person is acquired, there appears no good reason for refusing, in this suit, to adjudicate the right which, as assignee of the tax lease, he asserts.

Plaintiffs will recover costs of this appeal as against the defendants J. Cotter Weber and Frank J. Weber.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.