## STIGLITZ v. WEINSTEIN.

1. VENDOR AND PURCHASER—FORECLOSURE — FRAUD — EVIDENCE — SUFFICIENCY.

In a suit to foreclose a land contract, defendants' claim of fraud, *held*, not supported by the record.

2. SAME—USURY—EVIDENCE—SUFFICIENCY.

Defendants' claim that the contract was usurious and therefore no interest should have been allowed plaintiffs by the court below, *held*, not supported by the proofs.

3. USURY—STATUTES STRICTLY CONSTRUED.

Usury statutes, being penal in character, must be strictly construed, and unless the statute takes away equitable rights, it follows that they remain.

4. VENDOR AND PURCHASER—FORECLOSURE — USURY — DECREE FOR AMOUNT RECEIVED WITH INTEREST PROPER.

Although the contract called for $10,000, where it is fairly inferable that plaintiffs knew that defendants would receive only $7,500, and it also appears that they in fact received only that amount, a decree therefor, with interest, *held*, proper.

Appeal from Wayne; Mandell (Henry A.), J. Submitted May 2, 1924. (Docket No. 97.) Decided July 24, 1924.

Bill by Lillian Stiglitz and another against Max Weinstein and others for the foreclosure of a land contract. Defendants Weinstein filed a cross-bill claiming fraud and usury. From the decree rendered, plaintiffs and defendants Weinstein appeal. Affirmed.

*A. W. Sempliner* and *Harold M. Shapero,* for plaintiffs.

*Joseph B. Beckenstein* (*Maurice Sugar,* of counsel), for defendants Weinstein.

MOORE, J. The bill in this case was filed by Lillian Stiglitz and Bune Malke Shapero to foreclose the interest of Max Weinstein, Anna Weinstein, Louis Brodsky and Sadie Brodsky in the premises known in the record as the Warren avenue property and the Mack and Lemay property in default of the payment of the sums of $10,000 and interest alleged to be due from the defendants to the plaintiffs. The defendants Weinstein, appellants, claim fraud and usury. The trial court decreed foreclosure in the sum of $8,849.32. The case was first appealed by Mr. and Mrs. Weinstein, and later an appeal was taken by the plaintiffs.

Some phases concerning the questions involved in this litigation have been in this court before, and a reading of the opinion in *Gorelick* v. *Shapero,* 222 Mich. 381, will be helpful in considering this case.

The contract which it is sought to foreclose in the instant case is the one given Bune Malke Shapero and her daughter, Lillian Stiglitz. It is urged in the instant case that a fraud was perpetrated upon Max Weinstein by including in the land contract provisions about which he was not advised. As to that phase

of the case the testimony is in sharp conflict while the written contract is admitted to have been signed by Mr. Weinstein. A reading of the entire testimony including the exhibits fails to establish fraud.

Defendants claim that usury entered into the contract and that no allowance for interest should have been made. If the money had been furnished by Samuel Shapero and he had been a party to the contract and to this litigation it is possible that this claim could be successfully urged. But the cross-bill was withdrawn as to him. He was not a party to the contract and it is not shown that plaintiffs received any usury. The defendants seek affirmative relief in a chancery case because of the claim of usury. The inclination of this court where that defense is urged in chancery is indicated in *McTavish* v. *Green,* 220 Mich. 616, where the court said in part:

"It may be well here to recall the language of Justice KUHN in *Vandervelde* v. *Wilson,* 176 Mich. 185, where he said:

" 'Usury statutes, being penal in character, must be strictly construed, and unless the statute takes away equitable rights it follows that they remain. He who asks equity must do equity. Webb, in his work on Usury (page 398), says:

" ' "But where the bill for relief against an usurious contract does not come strictly within the terms of the statute relieving the borrower of either paying or tendering interest in addition to the principal that he will be governed by the general rule of law and compelled to pay or tender both principal and legal interest for such statutes are construed strictly."

" 'Complainant, in order to obtain relief in a court of equity against an attempt to collect usurious interest, must offer to pay the principal and legal interest, it being understood that this means the legal rate of interest fixed by the statute and not the rate provided for in the mortgage. * * *

" 'This court in the case of *Malone* v. *Danforth,* 137 Mich. 227 at page 231, in which it was sought to have a deed and contract declared to be a mortgage and the contract rate of interest was usurious, said:

" ' "The complainant, having appealed, protests against the allowance of interest on the moneys advanced, on the ground that the contract was usurious.     This contention cannot prevail.     The contract is not in its terms a mortgage.     The complainant seeks to have a court of equity declare it such, and in asking aid, he should be prepared to do equity.     The court below decreed simple interest and this order is affirmed." ' "

We think the trial judge was correct in allowing simple interest.

It is urged on the part of the plaintiffs that the contract was for $10,000, and that plaintiffs furnished $10,000 for the benefit of the defendants, and that the decree should have been for that amount with interest added.

Neither of the plaintiffs was sworn as a witness. Mr. Samuel Shapero, who is the brother of one of the plaintiffs, and son of the other one, was sworn as a witness and his testimony indicates very clearly that he was acting as the attorney for all the parties. It also indicates by fair inference that his sister and mother knew that defendants would receive but $7,500. It also appears that they in fact received but $7,500.

We have read this record and briefs with great care.     We listened to the zealous oral arguments that counsel made.     We are not persuaded the decree should be changed in any particular.

It is affirmed, but, as both parties appealed, no costs will be allowed.

McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.     CLARK, C. J., did not sit.