PEOPLE, ex rel. ATTORNEY GENERAL, v. DETROIT
MORTGAGE CORPORATION.

DeLAND v. DETROIT LAND CONTRACT CO.

USURY—MORTGAGES — LOSS OF INTEREST—ANSWER OF MORTGAGEE
DOES NOT AMOUNT TO ACTION ON USURIOUS MORTGAGE.

In a suit by the receiver of a mortgagor to have the
amount of the mortgage determined, and claiming that,
under sections 5998, 5999, 2 Comp. Laws 1915, it was
usurious, the answer of the mortgagee, admitting the juris-
diction of the court, and also praying that the amount
due on the mortgage be determined, does not amount to
an action brought on the mortgage, which is admitted to
be usurious, and, therefore, section 5998, providing for
the loss of interest where any action is brought on a
usurious contract, is not applicable.

Appeal from Ingham; Carr (Leland W.), J.   Sub-
mitted May 3, 1927.   (Docket No. 171.)   Decided
June 24, 1927.

Petition by Charles J. DeLand, receiver of the De-
troit Mortgage Corporation, against the Detroit Land
Contract Company to determine the amount due on
a mortgage.   From the order of determination, de-
fendant appeals.   Modified and affirmed.

*Goodenough, Voorhies, Long & Ryan,* for appellant.

*Joslyn, Joslyn & Joslyn,* for appellee.

SNOW, J.   Receivership proceedings for the Detroit
Mortgage Corporation are pending in the Ingham
county circuit court, in chancery, and Hon. Charles J.
DeLand, ex-secretary of State, is its receiver.   Among
its assets is an apartment house in Detroit upon which
there is a mortgage of $25,000, held by the Detroit

Usury, 39 Cyc. p. 1015.

Land Contract Company. Upon this mortgage, payments have been made from time to time, and the receiver now desires to pay the balance due and secure its discharge. He claims the mortgage contract usurious, for the reason that when the mortgage was given, in addition to the six per cent. interest rate provided, the mortgagee exacted and withheld a bonus in the sum of $3,750, thereby, under sections 5998 and 5999, 2 Comp. Laws 1915, rendering void the provision for the payment of interest, and, to have determined the balance due, he has filed in the receivership proceedings a petition alleging these facts.

On hearing the petition, the court made an order holding the mortgage contract usurious. It denied the mortgagee the right to recover interest, deducted $3,750 from the amount of the mortgage, and determined the balance due, after crediting payments, to be the sum of $1,625. From this order the mortgagee appeals.

There is no question but that the contract is usurious, and appellant admits the amount of the bonus should be deducted, but insists it is still entitled to interest at the legal rate of five per cent. The statute denying interest in an action brought upon a usurious contract reads:

"In any action brought by any person on such usurious contract or assurance, except as provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon." 2 Comp. Laws 1915, § 5998.

Appellant contends this statute does not apply here, as it has brought no action upon the contract. We quote from counsel's brief:

"In behalf of appellant, we contend that interest should be added for two reasons:
"1. The proceedings for relief from a usurious mort-

gage were commenced by the receiver in a court of equity.  The maxim that he who comes into equity must do equity, requires the receiver to pay interest upon the sum borrowed.

"2. A court of equity in directing its receiver to pay off a usurious mortgage should recognize the equitable principle of allowing legal interest upon the money borrowed."

It relies upon the following authorities: *Vandervelde* v. *Wilson*, 176 Mich. 185; *Dalton* v. *Weber*, 203 Mich. 455; *McTavish* v. *Green*, 220 Mich. 606; *Legg* v. *Bower*, 212 Mich. 403, at page 407; *Stiglitz* v. *Weinstein*, 227 Mich. 691, at page 693; and *Cooper* v. *Ross*, 232 Mich. 548, at page 557.  We feel that appellant's contention is correct, unless it can be said that, for all intents and purposes, it has by these proceedings in effect brought an action on the usurious contract, thereby bringing itself within the provision of the statute, *supra*, which provides that the payment of interest cannot be compelled in any action brought upon a usurious contract.  This is the claim of plaintiff, and it is pointed out that, by appellant's answer to the petition, it not only expressly admitted the jurisdiction of the court "to determine the matter in controversy," but it asked affirmative relief in the following language:

"Wherefore respondent prays that the petition may be dismissed and an order entered finding the correct amount due respondent upon said mortgage and directing the receiver to pay such sum to respondent upon delivery of proper discharge of said mortgage."

Our attention is also called to the fact that upon the trial the following statement was made by counsel for appellant:

"I think we can shorten this matter at this time. While the answer of the Detroit Land Contract Company to this petition did claim that the Detroit Mortgage Corporation receiver was not in position to raise

this question of usury, after filing the answer and investigating the condition of the books and finding them as Mr. Joslyn has stated, I have come to the conclusion that the receiver can raise the question, that the receiver is in the same position as the Realty Mortgage Corporation would be if it were claiming usury so that I think that all we have to consider on this hearing is the amount due on the mortgage. We do admit that we received a bonus of $3,750 and that we have got to lose that amount. We deny, however, that we have got to lose the amount paid Mr. Davison, and we feel that the court should allow the respondent interest at the rate of 5 per cent. on the whole loan. That is going to be our contention. Possibly that will shorten the argument."

And again, in counsel's brief on this appeal, they conclude:

"Appellant asks this court to modify the order of the lower court to require the receiver to pay legal interest upon the sum borrowed by the Realty Trust Company. A computation of such sum would involve a credit to the receiver upon all interest paid by him or the Detroit Mortgage Corporation in excess of 5%. If the court will recognize the principles for which we contend an order modifying the amount to be paid can readily be agreed upon by the parties to this appeal, so that no further hearing upon the petition need be had in the lower court."

If these things may be construed as constituting an action by the mortgagee on this usurious contract, or in the nature of a cross-bill seeking affirmative relief, the obligation to pay interest would thereby be avoided. *Leach* v. *Dolese,* 186 Mich. 695 (Ann. Cas. 1917A, 1182). But we do not think they are susceptible of such construction. The mortgagee has been brought into this proceeding. It instituted no action on its own accord. In praying, by its answer, the determination by the court of the correct amount due on the mortgage, it did no more than the plaintiff had asked be done. The same may be said of its consent to the

jurisdiction of the court, and its request here to modify its order.

We are therefore persuaded that appellant is entitled to interest on the mortgage figured at the rate of five per cent. per annum. The amount due on the mortgage will be so determined, and the order appealed from modified accordingly. Costs of this court to appellant.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.