LEGG *v.* BOWER.

1. TAXATION — TAX DEEDS — CLOUD UPON TITLE — POSSESSION — STATUTES.

In proceedings by a landowner to have a tax deed owned by defendant declared void and a cloud upon the title to certain real estate, plaintiff's contention that Act No. 153, Pub. Acts 1885, § 115, is applicable, *held*, not tenable, since the owner of the tax deed has not taken possession of the land, and the original owner is not seeking possession, because he already has it.

2. EQUITY—MAXIM.

One who seeks the aid of an equity court must be prepared to do equity.

3. TAXATION—EQUITY—TAX DEEDS—CLOUD UPON TITLE.

Where a landowner petitions the equity court to set aside a tax deed as a cloud upon his title, without alleging any irregularities in said tax or the tax sale, the court will require him, as a prerequisite, to do equity and reimburse the tax owner.

4. SAME—EQUITY—INTEREST, RIGHT TO RECOVER.

On appeal by the tax owner, the decree of the court below, limiting his right to recover interest to ten years, will be modified by allowing interest from the date of the tax deed at the legal rate provided by the various acts in force since that date.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 13, 1920. (Docket No. 89.) Decided December 21, 1920.

Bill by Fayette E. Legg against Fred Bower to quiet title to land. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Frank H. Watson,* for plaintiff.

*Miner & Miner,* for defendant.

MOORE, C. J. The plaintiff filed the bill of complaint in this case for the purpose of having a tax deed owned by defendant declared void and a cloud upon the title to certain real estate. The trial judge was of the opinion that the tax deed should be set aside conditionally.

We quote:

"And it further appearing that said complainant well knew of all said facts before purchasing said land, therefore the court is of the opinion, and it is so ordered, that said tax deed shall be set aside only upon the condition that the said complainant pay to the said defendant Fred Bower, or to his attorneys, Miner & Miner, the amount paid by him for said tax deed, which is of the sum of eighty-nine and seventy-one/100 ($89.71) dollars, with interest thereon for ten years, or from April 22d, 1887, until April 22d, 1897, or the sum of sixty-two and eighty/100 ($62.80) dollars, making a total due to said defendant of one hundred fifty-two and fifty-one/100 ($152.51) dollars, and that the same shall remain a lien upon said land until the same is paid with legal interest. Upon payment of such amount the defendant shall execute and deliver to plaintiff a quitclaim deed of said land, and in case he does not, then the amount shall be paid to the clerk of this court, who shall receipt for same on the decree, and the same shall be recorded in the register of deeds' office of said county and such lien shall be discharged."

The plaintiff did not appeal from this decree. The defendant did appeal, claiming, *first*, that because of litigation between the parties two years earlier than the present litigation, the matter is *res adjudicata*, and *second*, it is claimed the chancellor erred in not allowing defendant legal interest from the date of his tax deed instead of for 10 years only.

The plaintiff does not contest the tax deed on the ground of any irregularities in the laying out of the drain, or of the proceedings to sell the same for taxes. While plaintiff, not having appealed, is not complaining about the decree, he is insisting that the chancellor should have granted the relief for which he prayed

unconditionally, but as this was not done he is protesting against being required to pay a larger amount than that named in the decree.

We quote from the brief of appellee:

"We claim that the defendant in this case, in order to claim any title in the premises, should have taken legal steps to have asserted the same. This he might have done by taking possession of the property, if it was feasible; or have brought ejectment to recover the possession thereof. The statute of 1885, Act No. 153, § 115, provides."

Counsel here quote the section and proceeds:

"This statute gives the purchaser of the tax deed five years in which to take possession or bring proceedings to obtain the same. If he has taken possession, then section 16 of said act applies and the original owner shall, within five years after possession has been taken by the holder of the tax title, bring an action for the recovery of possession. The two sections are statutes of limitations, one section providing what the purchaser of the tax title must do in order to perfect his title; and the other is what the holder of the original title must do to maintain his title, provided the owner of the tax title has entered into possession."

We do not think this contention is tenable in the instant case because the owner of the tax deed has not taken possession of the land, and the owner of the original title is not seeking to get possession of it, for he already has it. The record discloses that the plaintiff, when he bought the land, knew defendant had the tax deed, and was claiming he was entitled to be reimbursed the amount named therein with interest and costs before he could be compelled to convey the interest he obtained by virtue of his tax deed.

It is claimed on the part of the plaintiff that before commencing this proceeding he demanded from defendant a quitclaim deed and was refused. Defendant admits that the demand was made and says he refused to give it because plaintiff refused to pay him

anything for it, and that he, the defendant, then stated he would sign the deed upon payment of the amount named in the tax deed and interest. The defendant did not launch these proceedings, but they were begun by the plaintiff upon the theory that he did not have to pay defendant anything before he could have the tax deed declared to be a cloud upon his title. It is a familiar rule that one who seeks the aid of an equity court must be prepared to do equity. *Merrill* v. *Humphrey*, 24 Mich. at p. 175.

In *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich. at p. 454, the court said:

"If, as in the present case, the taxpayer petitions the court in chancery in the auditor general's proceedings to foreclose a lien, the court will compel him to do equity. If the taxpayer is in possession, and files a bill to remove a cloud from the title, the court may then compel him to do equity."

In *Aztec Copper Co.* v. *Auditor General*, 128 Mich. at p. 620, it is said:

"The petitioner did not offer in its petition, nor during the progress of the trial in the court below, to reimburse the respondents for the amount paid by them to the State at the time of their purchase, and the decrees rendered by the court below did not require this to be done. In *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich. at p. 454, it is said, in a like case to this: 'If, as in the present case, the taxpayer petitions the court in chancery in the auditor general's proceedings, the court will compel him to do equity.' See, also, *Jenkinson* v. *Auditor General*, 104 Mich. 34; *McGinley* v. *Mining Co.*, 121 Mich. 88. In his supplemental brief in this court, counsel offers to pay the respondents the amount paid by them at the time of their purchase, with interest, if the court deem it equitable and right. We think the petitioner ought to be required to do this before the decrees are vacated, and when it is done, that the decrees should be vacated."

To the same effect is *Horton* v. *Salling*, 155 Mich. at p. 506.

In *Morrison* v. *Semer*, 164 Mich. at p. 211, the court said:

"There having been no evidence offered, however, in support of the charge of the bill of complaint showing the invalidity of the taxes for those years, the court held that, in accordance with the maxim that he who seeks equity must do equity, and this being a bill of complaint to quiet title, the complainants should be required to repay these taxes as a condition of relief—citing *Croskery* v. *Busch*, 116 Mich. at page 289."

In *Vandervelde* v. *Wilson*, 176 Mich. at p. 191, it is said:

"He who asks equity must do equity. Webb in his work on Usury (page 398) says:

"'But where the bill for relief against an usurious contract does not come strictly within the terms of the statute relieving the borrower of either paying or tendering interest in addition to the principal he will be governed by the general rule of law and compelled to pay or tender both principal and legal interest, for such statutes are construed strictly.'

"Complainant in order to obtain relief in a court of equity against an attempt to collect usurious interest, must offer to pay the principal and legal interest, it being understood that this means the legal rate of interest fixed by the statute and not the rate provided for in the mortgage."

When the tax deed was given, the legal rate of interest was seven per cent. This continued until 1891 (Act No. 156, Pub. Acts 1891), when it was made six per cent., and it remained at six per cent. until Act No. 207, Pub. Acts 1899, was passed, since which time it has been five per cent.

The decree will be modified so as to give defendant interest at those rates. Defendant will recover costs of both courts.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.