## JAMES WILBER v. ELVAH F. PEIRCE.

*Refusal to discharge mortgage.*

1. How. Stat. § 5704, in imposing a penalty for neglecting to discharge a mortgage "after full performance of the condition" means so far as the condition is legal and binding; the amount of consideration may therefore be disputed.

2. Where a mortgagee has property in his hands for which he is accountable to the mortgager, the latter, in suing him for refusing to discharge the mortgage can insist that the property be accounted for upon it by way of determining whether it has not been satisfied.

3. Whether the honesty of a mortgagee in believing that the mortgage has not been satisfied is a sufficient defense to an action for the statutory penalty for not discharging it if it has been—Q.

4. One who gives an invalid mortgage has nevertheless the right to pay it off, and consequently the right to have it discharged; its invalidity therefore cannot be pleaded as a defense to an action for the statutory penalty for refusing to discharge it.

Error to St. Joseph.   (Pealer, J.)   Jan. 22.—Jan. 28.

Assumpsit.   Defendant brings error.   Affirmed.

*Paul Eaton* for appellant.

*Howell, Carr & Barnard* for appellee.

Cooley, C. J.   This suit is brought to recover a statutory penalty for refusing to discharge a satisfied mortgage.   The mortgage was given June 27, 1872, by plaintiff to defendant, for the sum of $130, with interest at ten per centum per annum.   The case for the plaintiff on the trial was that the mortgage was without consideration except as to fifty dollars; that beyond that sum it was procured from him by duress, and that plaintiff has satisfied and more than satisfied the amount with property which defendant received from him and for which defendant agreed to account.   The plaintiff's case on the facts was denied by the defendant, who also insisted that if the facts were as claimed by the plaintiff, this suit could not be maintained—*first*, because in a suit for the statutory penalty it was not competent to show that the amount secured by the mortgage was different from that specified in it; and *second*, that sums due the mortgagee from the mortgagor, and which would be set-offs, could not be made use of to satisfy the mortgage for the purposes of this suit. There were also some other objections to a recovery.

The statute under which the suit is brought (How. Stat. §

5704) is given in the margin.[1]   It gives the action for refusal or neglect to discharge the mortgage "after full performance of the condition;" and this, it is argued, means the condition as expressed in the mortgage.   We think, on the other hand, it means the condition so far as it is legal and binds the mortgagor to performance.   The statute intends, as we think, that when the mortgagor has satisfied all legal claims under the mortgage, he is entitled to have it discharged; and a refusal to recognize his right will make the mortgagee liable under this statute.

We also think, if defendant had property in his hands for which by the understanding under which he had received it he was to account to the plaintiff, the latter had a right to have it accounted for on the mortgage.   This was the view taken by the circuit judge.   The question of fact arising upon this part of the case was very fairly submitted.   The judge instructed the jury that if the claims of the plaintiff were not taken into account when the mortgage was given, and they should find they were separate and distinct matters which the defendant was afterwards to account for to the plaintiff, and that the plaintiff, after the mortgage became due and after these items became due, requested the defendant to apply them on the mortgage, then they might be taken into account in determining whether the mortgage was paid. But he also instructed them that even if such items would satisfy the mortgage, yet if the defendant was honest in his belief that the mortgage was not paid, and that he did not

[1] Sec. 5704.  If any mortgagee, or his personal representative or assignee, as the case may be, after full performance of the condition of the mortgage, whether before or after a breach thereof, or if the same be entirely due and payable, after a tender of the whole amount so due and payable thereon, shall, for the space of seven days after being thereto requested, and after tender of his reasonable charges, refuse or neglect to discharge the same as provided in this chapter, or to execute and acknowledge a certificate of discharge or release thereof, he shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars damages, and also for all actual damages occasioned by such neglect or refusal, to the person who shall perform the condition of such mortgage, or make such tender to the mortgagee, his heirs or assigns, or to any one who may have an interest in the mortgaged premises, to be recovered in an action on the case, or be awarded by a court of equity, upon a bill filed to procure a discharge or a release of such mortgage, with double costs, in the discretion of the court.

owe the plaintiff enough on those items to satisfy it, then the defendant was not liable for the penalty. This last instruction was repeated in a somewhat different form, so that the right of recovery, even if the mortgage in legal effect was satisfied, was made to rest on the bad faith of the defendant in refusing to discharge it. We think the instruction quite as favorable as the defendant was entitled to.

The mortgage was not signed by the plaintiff's wife, and there was evidence in the case that it covered the plaintiff's homestead. Upon this evidence the defendant contended that the penalty was not recoverable because the mortgage was void in its inception. But this is immaterial. The plaintiff had a right to pay off a mortgage even though it was not legally enforceable; and when he had done so, he had a right to have his title relieved of the apparent lien.

No other question on the record seems to us to require notice. There was evidence, we think, tending to make out the plaintiff's case in all essential particulars, and we discover no material error.

The judgment must be affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred. SHERWOOD, J. did not sit.