## Jones v. Howard.

(Decided May 5, 1925.)

### Appeal from Harlan Circuit Court.

1. Clerks of Courts—Clerk at Time Judgment Rendered, and Not Clerk in Office when Paid, Entitled to Extra Statutory Compensation.—Clerk of court at time of rendering of judgment in case where extra compensation for clerk is provided under Ky. Stats., section 1721, held entitled to compensation, and not clerk in office when judgment is paid, in view of construction placed on sections 124 and 133, as to compensation of county attorneys.

2. Money Received—Former Clerk of Court could Recover Money Received for Fees Due Him but Paid Successor.—Former clerk of court was entitled to maintain action of assumpist for money had and received, against succeeding clerk who had been paid by auditor, fees due former.

JOHNSON, LYTTLE & MORGAN and WM. SAMPSON for appellant.

J. B. CARTER for appellee.

Opinion of the Court by Commissioner Hobson—Affirming.

M. W. Howard was the clerk of the Harlan circuit court during the year 1919, and at the April term of the court in that year judgments were rendered in favor of the Commonwealth v. Adams Express Company, amounting to $5,182.00. The express company appealed from the judgments, which were later affirmed by this court. When the mandate was issued Howard had ceased to be circuit clerk and had been succeeded by F. M. Jones. Jones as clerk filed the mandate, issued executions on the judgments, which were paid, and he remitted the money to the auditor. The auditor then paid him $518.20, being ten per cent of the judgments, under section 1721, Kentucky Statutes. Jones on demand refused to pay over the money to Howard and Howard brought this action to recover it. Judgment was rendered for the plaintiff. The defendant appeals.

On the precise question presented here this court in Hager v. Franklin, 119 Ky. 551, said:

"By section 1721, Kentucky Statutes, 1899, it is provided: 'As additional compensation for services in Commonwealth cases, each circuit clerk shall receive from the State treasury ten per cent. of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury, but not until so paid in.' In this section manifestly the circuit clerk who does the work in the case in which the judgment is rendered is entitled to the ten per cent., and not the clerk who is in office when the judgment is paid, for the allowance is made to each circuit clerk as an additional compensation for services in Commonwealth cases, and is to be received out of fines and forfeitures recovered in their

respective courts. The money is not to be paid them until it is paid into the treasury, but their rights are vested in the fines and forfeitures recovered in their courts.''

This seems to be the natural meaning of the words of the statute, that each circuit clerk shall receive ''ten per cent of the amount of all fines and forfeitures recovered in their respective courts.'' Jones was not the clerk of the court in which these judgments were recovered. The allowance is to the clerk of the court in which the judgment was recovered. Howard was the clerk of the court in which the judgments were recovered. It is well settled that the county attorney or the Commonwealth attorney in office when the judgment is recovered is entitled to the percentage allowed by sections 124 and 133; section 1721 of the statutes should reasonably receive the same construction. The incoming clerk collects his fees for filing the mandate and issuing the execution in such cases, but the rights of the circuit clerk in whose court the judgment was recovered are not affected by the delay in paying the judgments. An intolerable confusion would result if, as contended by appellant, the ten per cent should be divided between the two clerks, for there is no certain basis of division. To guard against this the legislature has fixed the rights of the parties as of the date of the recovery of the judgment. The old clerk has no right to any part of the ten per cent on judgments rendered after his term expires although the cases were long pending during his term. The new clerk is entitled to the whole ten per cent where no judgment has been rendered before his term began, but he is not entitled to any part of the ten per cent except in cases where he was the clerk of the court when the judgment was rendered.

It is earnestly insisted that Howard has no cause of action against Jones for the money so received by him and that his only remedy is a suit against the auditor. The action of *assumpsit* for money had and received is equitable in its nature and is said to resemble a bill in equity. In 2 R. C. L., p. 778, following Merriwether v. Bell, 139 Ky. 402, and many other cases, the rule is thus well stated:

''The action lies upon an express promise if nothing remains to be done but the payment of money; it is not dependent, however, upon an ex-

press promise, or even upon one implied in fact, but is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and *ex aequo et bono* it belongs to another. This is so irrespective of whether the money was received from the plaintiff or from a third person.''

Judgment affirmed.