UNION GUARDIAN TRUST CO. *v.* CRAWFORD.

1. USURY—INTEREST AND TAXES ON MORTGAGE.

An agreement to pay highest legal rate of interest and taxes on the mortgagee's interest is usurious.

2. TAXATION—MORTGAGES.

Under the present tax law it is the duty of the mortgagee, not the mortgagor, to pay the mortgage tax (1 Comp. Laws 1929, § 3647).

3. USURY—MORTGAGES—INTEREST—TAXATION.

Loan secured by mortgage *held*, usurious, where mortgagee charged highest legal rate of interest and deducted mortgage tax before paying proceeds to mortgagor.

4. SAME—REMOVAL OF TAINT—NEW OBLIGATION.

Taint of usury in an obligation is deemed removed therefrom when it is canceled and abandoned with knowledge and consent of the borrower and new obligation, containing no part of the usury and supported solely by the moral obligation resting upon the borrower to pay principal and legal interest, is executed in legal form, but where original obligation based on usurious consideration is continued, the taint of usury persists regardless of form, addition of parties or change of relation as to loan by borrower.

5. SAME—WAIVER.

Defense of usury is a personal one and may be waived by voluntary payment of interest.

6. SAME—FORFEITURE OF ENTIRE INTEREST.

The entire interest is forfeited in usurious contracts and all payments of interest, though made as such, will be applied by the courts upon the principal debt.

7. SAME—ALTERATION OF SECURITY FOR PART OF LOAN.

Subsequently securing part of original usurious loan by two mortgages on real estate in lieu of other securities *held*, not to purge loan of taint of usury.

8. SAME—ESTOPPEL.

Fact that mortgagor furnished mortgage form containing provision that mortgagor pay all taxes on mortgagee's interest *held,* not to estop mortgagor from raising defense of usury, where loan was for highest legal rate of interest and mortgagee was a trust company, presumed to know the law of usury.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted October 9, 1934. (Docket No. 73, Calendar No. 38,018.) Decided January 7, 1935.

Two bills by Union Guardian Trust Company, a Michigan corporation, against Alf F. Crawford and others, to foreclose mortgages. Consolidated for trial and appeal. From decree rendered, plaintiff appeals. Affirmed.

*Wendell Brown,* for plaintiff.

*McCall Brothers (O. G. Tuttle,* of counsel), for defendants.

NORTH, J. This is an appeal in two mortgage foreclosure suits which were heard together in the circuit court, disposed of by one decree, and are presented here by a single record and briefs. From a decree sustaining defendants' claim of usury, plaintiff has appealed. The controversy is so clearly and concisely stated in the opinion of the circuit judge that we quote and adopt it.

"In the first of the above entitled causes plaintiff as successor to the Union Trust Company filed its bill to foreclose a certain mortgage executed by defendants, Alf F. Crawford and wife, March 24, 1921, due January 1, 1922, for the sum of $12,000 at seven per cent. per annum, payable annually, and covering land described in the bill.

"In the second case plaintiff as successor to the Union Trust Company filed its bill to foreclose two mortgages, each dated July 2, 1923, and due July 2, 1926, with interest at six and one-half per cent., payable semi-annually, given by defendants Alf F. Crawford and wife, and each covering certain lands therein described.

"On March 25, 1921, defendant Alf F. Crawford arranged for a loan of $25,000 from the Union Trust Company and entered into a contract with that company, known here as exhibit 5, by the terms of which he, to secure the loan, assigned and set over to the trust company certain land contracts and other securities and also gave a real estate mortgage, known here as the $12,000 mortgage, on other lands owned by him. This contract expressly provided for the payment of interest at seven per cent. per annum, payable semi-annually, upon the entire $25,000.

"The $12,000 mortgage provided that Alf F. Crawford should pay or cause to be paid all taxes and assessments of whatever nature 'which have been or may be levied upon the lands and premises above described or upon or on account of the mortgage interest of the said second party.' The payment of this $12,000 note was also guaranteed in writing by the defendant J. B. Crawford.

"On July 2, 1923, at a time when the principal of the $25,000 loan had been, by Alf F. Crawford, paid down to $20,000 a change was made in the security for the $8,000 not secured by the $12,000 note and mortgage; and the trust company then took the two $4,000 mortgages in the place of the securities, other than the $12,000 theretofore held by it.

"These two cases have been tried together. * * * Alf F. Crawford, in his defense, claims the original contract was usurious and that he is entitled to have all payments made credited upon the principal of the debt and that plaintiff can recover no interest whatever.

"The only question left for determination by the court is whether or not the transaction or any portion of it is tainted with usury, and if so, to what extent, and where the payments made should be applied. It is undisputed that $60, the amount of the tax on the $12,000 mortgage, was retained by the trust company in addition to the exaction of the highest rate of interest allowed by the statute; but counsel for plaintiff contends that the parties, under our present tax laws, may lawfully contract for the payment by the mortgagor of the tax on the mortgage in addition to interest at seven per cent." (The record discloses that the mortgagor deducted from the mortgage loan $69 'to be reserved by the Union Trust Company for payment of mortgage taxes, revenue stamps, recording charges and the like and suitable accounting to be made therefor.')

"It is well settled that an agreement to pay the highest rate of interest allowed by law and also taxes on the interest of the mortgage (e) is usurious. *Stack* v. *Detour Lumber & Cedar Co.,* 151 Mich. 21 (16 L. R. A. [N. S.] 616, 14 Ann. Cas. 112); *Vandervelde* v. *Wilson,* 176 Mich. 185.

"It is also well settled that under our present tax law it is the duty of the mortgagee and not the mortgagor to pay the mortgage tax.* *MacDonald* v. *Betts,* 246 Mich. 585; *Lippman* v. *Featherston,* 247 Mich. 153; *Prestage* v. *Hanley,* 259 Mich. 97.

"It therefore follows, that the agreement under which this $60 tax was charged back to Crawford out of the proceeds of the original $25,000 loan was usurious in its inception and all payments made on the $12,000 must be credited on the principal.

"Was the contract purged of usury as to the $8,000 by the giving of the two mortgages in place of the other collateral?

"It seems to be the rule that the general principle determining when an indebtedness infected with

---

* See 1 Comp. Laws 1929, § 3647.

usury is to be deemed disinfected that if the tainted obligation is, with full knowledge and consent of the borrower finally canceled or abandoned, and a new obligation, containing no part of the usury, is ex-ecuted in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received with legal interest thereon, such new obligation is valid and enforceable. But so long as the original usurious obligation continues to exist, based upon a consideration in which usury inheres, the taint of usury persists whatever be the form which the subsequent dealings of the parties may cause it to assume, and even though new parties may have been introduced, or the borrower allowed to assume a different relation to the security affected with usury. *Carr* v. *Taylor,* 30 Misc. Rep. 617 (62 N. Y. Supp. 849) ; 39 Cyc. p. 1002; *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233).

"It is well settled that the defense of usury is a personal one and may be waived and that where a party voluntarily pays usurious interest he will not be permitted to recover it back; but substituting new paper, with usury added, for the old paper is not sufficient, nor can the creditor by taking a new mortgage upon other property evade the usury laws. *Gardner* v. *Matteson,* 38 Mich. 200.

"Under our statute the entire interest is forfeited in usurious contracts and the courts apply all payments of interest, though made as such, upon the principal debt. *Fretz* v. *Murray,* 118 Mich. 302; *Esty* v. *Capitol Investment Building & Loan Ass'n,* 131 Mich. 502; *Continental Nat'l Bank* v. *Fleming,* 170 Mich. 624; *Gladwin State Bank* v. *Dow, supra.*

"In the *Fleming Case, supra,* Mr. Justice Stone, speaking for a majority of the court, said (p. 643):

" 'It is also the rule in this State that, if the transactions on account of which the indebtedness was incurred were tainted with usury, its effect cannot be avoided by taking other paper or security for the indebtedness, including the usurious charge.'

"The $25,000 loan from its inception up to the time of the filing of the bills in these cases has been treated by all the parties as a single transaction, although $12,000 of it was secured originally in one way and the other $13,000 in another way. Later $8,000 of the $13,000 was secured by the two $4,000 mortgages, but at that time no independent or different contract was made which, under the authorities would purge the original contract of usury. That being so, the defendant Alf F. Crawford is, under the authorities, entitled to have all payments credited upon the principal of the original loan, whether the same were paid as interest or principal."

While not noted in the opinion of the circuit judge, plaintiff contends that defendant Alf F. Crawford is estopped from asserting usury. It is claimed such estoppel arises from the fact that Mr. Crawford or someone in his behalf provided a "Gratiot county mortgage form" to be used incident to the $12,000 loan. The provision that the mortgagor should pay all taxes and assessments "on account of the mortgage interest of the second party" was contained in this form. Appellant's contention is indicated by the following quoted from its brief:

"When Mr. Crawford presented the Gratiot county mortgage form to Union Trust Company he expected that the company would rely thereon. The company did rely thereon and loaned $12,000 to the mortgagor, Alf F. Crawford, as a result thereof. By his conduct defendant Alf F. Crawford has closed the ears of equity to his plea that he be relieved from the necessity of paying interest on the $12,000 obligation for upwards of 13 years, under the guise of usury. He must abide the results of his own conduct."

In effect appellant's contention is that because the usurious provision was in an instrument provided by the mortgagor, he is estopped from taking advantage of such usurious provision. We think the contention cannot be sustained. Certainly a financial institution of the character of the Union Trust Company must be presumed to know the law of usury. It would be going too far to hold that merely because its debtor prepared a promissory note evidencing a usurious loan or a mortgage under like circumstances he would thereby be barred from asserting the defense of usury and the trust company enabled to avoid the statutory provisions pertaining to usury.

Careful review of the record on appeal satisfies us that the trial judge correctly disposed of the case in the circuit court. The decree entered therein is affirmed, with costs to appellees.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred. Bushnell, J., did not sit.