## McKENNA v. WILSON.

1. USURY—MORTGAGE TAXES—RECORDING FEES—7 PER CENT. IN-
TEREST.
   Payment of mortgage tax and recording fees by mortgagors in
   addition to 7 per cent. interest renders mortgage usurious
   (2 Comp. Laws 1929, §§ 9240, 9241).

2. SAME—MORTGAGES—RENEWALS—INTEREST.
   Usury, having entered into original mortgage note and mortgage
   securing same and all renewals thereof, including mortgage
   foreclosed, affected mortgage lien to secure last note and
   barred mortgagee's right to collect interest thereon.

3. SAME — TENDER — MORTGAGE LIEN — FORECLOSURE BY ADVERTISE-
MENT.
   Mortgagor's tender to mortgagee under last renewal for full
   amount of principal of mortgage and note it secured, less
   amounts paid thereon, together with insurance, property taxes,
   attorney fees and costs of foreclosure, discharged lien of
   usurious mortgage where foreclosure was had by advertisement.

4. SAME—ATTEMPT TO COLLECT FULL INTEREST—TENDER—FORFEIT
OF INTEREST.
   After mortgagee's attempt to collect usurious interest, such in-
   terest is forfeited as a matter of law, hence mortgagor need
   not tender amount of legal interest in order to discharge lien
   of mortgage (2 Comp. Laws 1929, §§ 9240, 9241).

5. MORTGAGES—DISCHARGE—STATUTORY PENALTY.
   When the mortgagor has satisfied all legal claims under the mort-
   gage, he is entitled to have it discharged and is not limited
   to remedy to recover statutory penalty for mortgagee's failure
   to discharge but may proceed by petition for certificate of
   discharge when mortgage is satisfied (3 Comp. Laws 1929,
   §§ 13318, 14403).

6. Same—Tender of Payment—Interest—Attempt to Collect
   Usury.

   Mortgagor who tendered principal less amounts paid thereon, in-
       surance, property taxes, attorney fees and costs of foreclosure
       to mortgagee who, in foreclosing mortgage by advertisement,
       attempted to collect usurious interest, *held*, entitled to certifi-
       cate of discharge on making tender good (Comp. Laws 1929,
       §§ 9240, 9241, 14403).

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted April 28, 1937. (Docket No. 158, Calendar
No. 39,514.) Decided May 21, 1937.

Petition by Clarence A. McKenna and wife
against Mark A. Wilson, receiver of Union Indus-
trial Trust & Savings Bank, a Michigan corpora-
tion, for the discharge of a mortgage. Petition de-
nied. Plaintiffs appeal. Reversed and remanded.

*Walter C. Jones* and *Maurine L. Jones*, for plain-
tiffs.

*Millard & Roberts*, for defendant.

Potter, J. Plaintiffs appeal from an order of the
circuit court denying their petition to discharge a
real estate mortgage.

The petition alleges that on August 8, 1916, plain-
tiffs and others gave a mortgage to the Industrial
Savings Bank, of Flint, in the sum of $8,000. This
mortgage bore interest at 7 per cent., and in addi-
tion plaintiffs paid $42.60 in fees and mortgage tax;
that $623.33, the balance on such mortgage, was in-
cluded in a new mortgage executed by the same par-
ties to the same bank on June 16, 1927, in the sum
of $10,000, bearing interest at 7 per cent., and on
which the mortgagors paid in addition the sum of
$53.50 for recording fees and mortgage tax; that the
$10,000 mortgage above mentioned and described

was not recorded but was later paid by a mortgage dated September 14, 1927, in the sum of $23,000, with interest at 7 per cent., upon which plaintiffs paid the mortgage tax and the recording fee; that said mortgage last above named became the property of the Union Industrial Trust & Savings Bank, of which defendant Mark A. Wilson was appointed receiver; that all of said mortgages covered certain real estate situated in the city of Flint, Genesee county, Michigan; and that petitioners are the sole owners of the property by the right of survivorship, Anna Parmalee, one of the mortgagors, having died since the execution of the mortgage last above named.

Petitioners claim the mortgage was usurious; that they tendered the full amount of the principal of said mortgage less the amounts paid thereon, together with insurance, property taxes, attorney fees and costs of foreclosure. This tender was not accepted, but the property was sold at mortgage sale by foreclosure under the power of sale contained therein by defendant May 6, 1936, for the sum of $22,208.33.

No dispute is made but that if the mortgages were usurious and the mortgagors were not liable for interest thereon, the amount tendered by them would be sufficient to pay the amount due upon the principal.

Defendant denied that plaintiffs were entitled to the relief prayed, and the trial court held with him.

The mortgage foreclosed bore interest at the rate of 7 per cent. per annum. In addition to this amount, it is admitted petitioners paid the mortgage taxes and the recording fees for recording the same. This rendered the mortgage usurious. *Union Guardian Trust Co.* v. *Crawford,* 270 Mich. 207. Usury having entered into the original mortgage note and the

mortgage securing the same, and all renewals thereof, including the mortgage foreclosed, such usury affected the mortgage lien to secure the last note and barred the mortagee's right to collect interest thereon. This was settled in *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233), upon the authority of the many cases from outside Michigan, the opinions of text writers cited with approval therein, as well as upon a comprehensive review of the Michigan cases.

The legal rate of interest in this State is fixed by statute, 2 Comp. Laws 1929, § 9239, at the rate of 5 per cent. per annum, with a provision that the parties may stipulate for any rate of interest, not exceeding 7 per cent. per annum, subject to certain provisions therein. The statutes in relation to usury provide:

"No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon." 2 Comp. Laws 1929, § 9240.

"Whenever it shall satisfactorily appear by the admission of the defendant, or by proof that any bond, bill, note, assurance, pledge, conveyance, contract, security, or any evidence of debt has been taken or received in violation of this act, the court shall declare the interest thereon to be void." 2 Comp. Laws 1929, § 9241.

We may not construe away the provisions of the section of the statute last above quoted.

Defendant did not attempt to foreclose the mortgage in question in a court of chancery. He added to the unpaid principal the real estate taxes, recording fees and usurious interest and foreclosed the mortgage at law by advertisement, in the exercise of the power contained in the last mortgage, for the full amount of principal unpaid, including the usurious interest, taxes, recording fees, attorney fees and costs of foreclosure, and sold the lands and premises in question for such full amount, purchasing the same at such foreclosure sale. So that the mortgagee not only provided in each of the mortgages in question for usury, but attempted to enforce such mortgages for the full amount of such usurious interest by foreclosure proceedings at law. If the tender made by petitioners was sufficient, it discharged the lien of the mortgage. *Federal Discount Corp.* v. *Rush,* 269 Mich. 612.

It is settled that if the mortgagee had attempted to foreclose the mortgage in equity and collect the usury, it would have forfeited the right to interest, under all the authorities. But petitioners were not able to raise that question. No attempt was made to foreclose the mortgage in chancery. Defendant avoided the equity court and insisted upon the fulfillment, to its full extent, of the letter of the contract. He purchased the premises for an amount which included the unpaid principal, plus the usurious interest. The mortgagee had no right to this usurious interest. By attempting to collect it, it became forfeited as a matter of law. To hold petitioners were compelled to go into a court of equity and tender the full amount of legal interest upon the mortgage as a condition precedent to relief against

the exaction of usurious interest upon the mortgage enables defendant to attempt to procure the whole amount of the usurious interest and, if he fails, to insist upon legal interest as a condition precedent to relief to petitioners. This is contrary to 2 Comp. Laws 1929, § 9241, which makes it the duty of the court to declare the interest upon the usurious debt void. This conclusion is in accordance with *Estey* v. *Capitol Investment Building & Loan Ass'n,* 131 Mich. 502; *Malone* v. *Danforth,* 137 Mich. 227; and *Vandervelde.* v. *Wilson,* 176 Mich. 185, of which in *Leach* v. *Dolese,* 186 Mich. 695 (Ann. Cas. 1917 A, 1182), it was said:

"These decisions are authority for the rule that *the penalty of the statute attaches only when effort is made to enforce a usurious contract.*"

The mortgagee attempted to enforce its usurious contract and under the authorities, as well as the express terms of the statute, the penalty of the statute,—that is, that the interest thereon shall be void,—was incurred.

Section 13318, 3 Comp. Laws 1929, provides a penalty for the failure to discharge a mortgage after full performance of the conditions thereof by the mortgagor. And in *Wilber* v. *Peirce,* 56 Mich. 169, it was said:

"It gives the action for refusal or neglect to discharge the mortgage 'after full performance of the condition;' and this, it is argued, means the condition as expressed in the mortgage. We think, on the other hand, it means the condition so far as it is legal and binds the mortgagor to performance. *The statute intends, as we think, that when the mortgagor has satisfied all legal claims under the mortgage, he is entitled to have it discharged;* and a re-

fusal to recognize his right will make the mortgagee liable under this statute.''

If performance of the conditions of the mortgage means, as held in *Wilber* v. *Peirce, supra,* ''that when the mortgagor has satisfied all legal claims under the mortgage, he is entitled to have it discharged,'' the mortgagor is not limited to the remedy to recover the penalty prescribed by 3 Comp. Laws 1929, § 13318, but may proceed by petition for a certificate of discharge under 3 Comp. Laws 1929, § 14403, which gives a right to petition for such discharge when the mortgage is satisfied.

The order of the trial court is reversed, with costs. Petitioners are entitled to a certificate of discharge of the mortgage on making the tender good. Case remanded with directions that such certificate issue as above directed.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and CHANDLER, JJ., concurred.