### SCHUMACHER v. LAWRENCE.

### No. 8045.

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1940.

George Haggarty, of Detroit, Mich. (Tracy L. Towner, and John P. Kirk, both of Ypsilanti, Mich., and George Haggarty, of Detroit, Mich., on the brief), for appellant.

Harold M. Shapero, of Detroit, Mich. (J. Don Lawrence, of Ypsilanti, Mich., and Harold M. Shapero, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant, as receiver of a national bank and holder of a mortgage on real estate, executed by appellee on May 2, 1931, brought suit for foreclosure. The defense was that the interest charged was usurious, that the entire interest was therefore forfeited, and that appellee, prior to the institution of the suit, had tendered the full amount due.

The mortgage and note were in the face amount of $3,500.00 with interest at seven

per cent. At the time the loan was made the mortgagor was required by the bank to pay $17.50 mortgage tax, $6.50 for certificate of abstract, $1.50 for recording the mortgage, and $5.00 for attorney's fee, or a total of $30.50. Appellee paid the mortgagee $1,169.98, which was applied both to principal and interest. On January 22, 1936, appellee tendered $2,330.12, asserting that this was in excess of the amount due. Appellant claims that the correct balance is $2,975.00. The District Court found that $2,299.52 was due, and inasmuch as the tender exceeded this amount, decreed that no costs should be awarded to the bank.

The controlling question is whether a claim for interest paid under a usurious loan made by a national bank can be recovered or set off in a foreclosure suit.

Under § 85, Title 12, U.S.C., 12 U.S.C.A. § 85, national banks may charge interest at the rate allowed by the laws of the state. The maximum lawful rate of interest in Michigan is seven per cent. per annum (Comp.Laws of Michigan 1929, § 9239). The question whether the rate of interest is usurious is decided according to the law of the state in which the loan is made. Evans v. National Bank of Savannah, 251 U.S. 108, 40 S.Ct. 58, 64 L.Ed. 171. Appellant concedes that under the Michigan decisions, the loan was usurious. Any charge against the mortgagor in addition to the maximum allowable rate of interest constitutes usury, where the charge is to be borne by the mortgagee, such as a tax on the mortgagee's interest (Comp.Laws Mich.1929, § 3647), or recording fees. Union Guardian Trust Co. v. Crawford, 270 Mich. 207, 258 N.W. 248; McKenna v. Wilson, 280 Mich. 227, 273 N.W. 457. Therefore the entire interest agreed to be paid on the note was forfeited, and appellant asks only for $2,975.00, the balance of the unpaid principal, with interest from the date of the commencement of the suit. But appellee contends, and the District Court held, that the interest already paid could be set off against the principal due. The pertinent conclusion of law of the District Court is as follows:

"1. Defendant has raised the defense of usury to the interest claimed by the plaintiff. It is my opinion that this case is controlled by Union Guardian Trust Company v. Crawford, 270 Mich. 207, 258 N.W. 248.

It therefore follows that the plaintiff is not entitled to the payment of any interest on this account, and all payments heretofore made should be credited upon the principal. It therefore leaves a principal balance due as of this date in the amount of $2,299.52."

Appellant contends that this was error, urging that under § 86, Title 12, U.S. C., 12 U.S.C.A. § 86, usurious interest which has been paid must be recovered back in an independent action; that this remedy is exclusive, and that the federal statute controls. This clearly is the law. The latest statement of the rule is found in McCollum v. Hamilton National Bank, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819. In that case the judgment of the state court applying usurious interest as a credit upon a debt of a bankrupt estate was reversed. The Supreme Court said: "One paying a national bank usurious interest and entitled to enforce the penalty may not recover it by way of set-off in a suit brought upon his note to the bank." 303 U.S. page 247, 58 S.Ct. page 570, 82 L.Ed. 819. The court declared that the right of set-off does not at all depend upon the state statute. Other decisions to the same effect are Haseltine v. Central Bank of Springfield, 183 U.S. 132, 137, 22 S.Ct. 50, 46 L.Ed. 118; Barnet v. National Bank, 98 U.S. 555, 559, 25 L.Ed. 212.

Appellee contends that there is no proof that $644.98, or any other amount, was paid upon interest. Therefore, it is urged that § 86, Title 12, U.S.C., 12 U.S.C.A. § 86, is not shown to have application here. But appellee stated in her answer that interest was paid to the bank by her at the rate of seven per cent. per annum, and claimed that the payments made upon the note and mortgage "must be applied upon the principal." Coupling this allegation with the conclusion of law heretofore quoted, that "all payments heretofore made should be credited upon the principal," it is evident that the District Court applied the state instead of the federal decisions as to set-off, and applied interest payments upon principal in order to compute the balance due. This, under the above cited cases, was error.

The decree is reversed and the case remanded for computation of the amount paid upon interest and principal prior to the filing of the action, and for further proceedings in accordance with this opinion.