## PANOS et al. v. SMITH et al.

### No. 8520.

Circuit Court of Appeals, Sixth Circuit.

Dec. 13, 1940.

Maurine L. Jones, of Flint, Mich. (Walter C. Jones and Maurine L. Jones, both of Flint, Mich., on the brief), for appellants.

A. J. Michelson, of Flint, Mich. (S. S. Pearlstine and A. J. Michelson, both of Flint, Mich., on the brief), for appellees.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

[1] No opinion for publication.

ARANT, Circuit Judge.

Pursuant ·to § 86 of Title 12, U.S.C., 12 U.S.C.A. § 86,[1] appellants brought ·suit to recover double the amount of alleged usurious interest paid to the First National Bank and Trust Company, of Flint, Michigan, of which appellee Smith is receiver. When appellants rested, the District Court directed a verdict for appellees on the ground that the action was not timely brought. Whether the court erred in so doing is the only question here presented. There is no dispute as to the facts.

Appellants negotiated two loans from the bank, the first on March 3, 1928, for $2,000, and the second on July 30, 1930, for $2,500, giving mortgages in both cases to secure the notes. Both notes provided for the payment of 7% interest, which is the maximum legal rate in Michigan. Mich. Comp.Laws (1929), § 9239. In addition, appellants were required to pay in cash state mortgage taxes and recording· fees, when the mortgages were executed, which amounted to approximately $20 in 1928 and $30 in 1930. There were several renewals of the notes, interest being computed each time at 7% upon the unpaid balances.

In 1937, appellants defaulted upon both mortgages. The receiver instituted foreclosure suits and, on November 15 of that year, purchased the properties ·at prices equalling the unpaid balances of principal and interest.

Before the period of redemption expired, appellants instituted three suits in the Circuit Court of Genesee County, Michigan, one to secure, under the Michigan Moratorium Law, Comp.Laws Supp.Mich.1940, § 14444-1 et seq., an extension of the period of redemption of the property mortgaged in 1930, and the others to procure órders discharging both mortgages because of alleged tenders of the amounts due. The first order sought issued. On February 23, 1939, while the other two suits were pending, appellants paid principal and interest in full, and appellees relinquished all claims to the properties. This suit was instituted on July 5,. 1939.

.Appellees concede that the mortgage taxes and recording fees were usury, and that double the amounts paid therefor could have been recovered if suit had been sea- ·sonably brought; but, they contend, the interest payments made in 1939 are not within the terms of the statute because they were computed at the legal rate of 7%.

■ The statute forbids a national bank to collect a higher rate of interest than is permitted by the law of the state in which it is located. Secton 85, Title 12, U.S.C., 12 U.S.C.A. § 85. A mortgage is usurious if, in addition to the maximum legal rate of .interest, the mortgagor pays or promises to pay the mortgage tax and recording fees. Union Guardian Trust Co. v. Crawford, 270 Mich. 207, 258 N.W. 248; McKenna v. Wilson, 280 Mich. 227, 273 N. W. 457; Schumacher v. Lawrence, 6 Cir., 108 F.2d 576. Accordingly, all the interest paid or promised by appellants was usurious. McKenna v. Wilson, supra; Gladwin State Bank v. Dow, 212 Mich. 521, 180 N.W. 601, 13 A.L.R. 1233.

■ Appellees attempt to distinguish the latter two cases on the ground that they were attempts to enforce usurious contracts and involved the application of a state statute, which only gave a defense to the extent of unpaid usurious interest. This distinction is of no consequence. When a national bank takes more interest than is permitted by the law of the state in which it is located, it violates the law of the United States. It is that law that creates the borrower's right and provides his remedy. Schuyler National Bank v. Gadsden, 191 U.S. 451, 24 S.Ct. 129, 48 L.Ed. 258; McCollum v. Hamilton National Bank, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819; Schumacher v. Lawrence, supra. The statute requires us to look to the law of Michigan to ascertain whether a higher rate of interest was· charged than is lawful in that state. If § 85 did not require us to accept the view of the Michigan courts, however, we would nevertheless conclude that original usurious exactions make all· later interest payments usurious, as held in Glad-

---

[1] "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature ·of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, that such action is commenced within two years from the time the usurious transaction occurred." 12 U.S.C.A. § 86.

win State Bank v. Dow, supra. See Evans v. National Bank of Savannah, 251 U.S. 108, 40 S.Ct. 58, 64 L.Ed. 171.

The District Court apparently thought that because the interest was only 7% of the face amounts of the notes, it was not usurious. But appellants, to the extent of the mortgage taxes and recording fees, failed to receive the face amounts, of the notes, with the consequence that the interest paid was more than 7% of the amounts actually received.

·  The statute of limitations begins to run against a payor's statutory right to recover as soon as usurious interest is paid. McCarthy v. First National Bank, 223 U.S. 493, 32 S.Ct. 240, 56 L.Ed. 523; Cronkleton v. Hall, 8 Cir., 66 F.2d 384, certiorari denied, 290 U.S. 685, 54 S.Ct. 121, 78 L.Ed. 590. Hence, the basis of appellants' recovery is limited to interest paid since July 5, 1937.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.