**ANDERSON v. HERSHEY.**

**HERSHEY v. ANDERSON.**

Nos. 9025, 9026.

Circuit Court of Appeals, Sixth Circuit.

May 7, 1942.

Marshall & Wyatt, all of Louisville, Ky., on the brief), for appellant Anderson.

Grover G. Sales, of Louisville, Ky. (Samuel S. Blitz, of Louisville, Ky., on the brief), for appellee Hershey.

Before HICKS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal and cross-appeal arise out of a judgment against the receiver of a national bank for interest retained from the proceeds of his sale of certain collateral pledged to secure a note to the bank. Recovery was allowed under Title 12, U.S.C. §§ 85 and 86, 12 U.S.C.A. §§ 85, 86. Under § 85, a national banking association may receive and charge, on any loan or discount, interest at the rate allowed by the laws of the state where the bank is located. Section 86 reads as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred."

The facts are not controverted. On January 15, 1929, the plaintiff [1] executed a note to the National Bank of Kentucky, located in Louisville, Kentucky, for $20,000, which represented his indebtedness at the time. The note carried six per cent interest and was renewed several times until August 14, 1930, when a note was executed carrying the same principal and interest and due November 12, 1930. On June 24, 1929, plaintiff borrowed from the bank an additional $3,500, for which he gave his promissory note in that amount. Upon the date of the first renewal of the smaller note, namely, October 24, 1929, one of the vice-presidents of the bank told plaintiff that the "notes" would not be renewed unless plaintiff bought a certificate of deposit with a face value of $3,500. The vice-president pro-

John Marshall, Jr., of Louisville, Ky. (John G. Heyburn, and Peter, Heyburn,

---

[1] The parties will be designated as they were in the trial court.

posed that the bank should sell plaintiff the certificate of deposit, which would bear no interest, and in payment for the certificate take another note for $3,500, executed by plaintiff and bearing interest at six per cent. Upon the bank's insistence plaintiff acceded to the arrangement. Plaintiff understood that he would have to carry this note as long as the loans were unpaid. The note for $3,500 thus executed was renewed regularly with the certificate as collateral and in course of time was represented by plaintiff's note dated October 24, 1930, due February 24, 1931, with six per cent interest. No interest was paid at any time upon the certificate of deposit. The renewal note, substituted for the $3,500 note executed on June 24, 1929, was paid on February 26, 1930.

On November 17, 1930, a receiver for the National Bank of Kentucky was appointed by the Comptroller of Currency. The receiver and his successors ultimately collected by dividends on collateral, voluntary payments and sale of collateral, the entire principal of the $20,000 note with interest at six per cent to the date of payment. All payments were first applied to principal, and no interest was paid on the $20,000 note until on or about January 15, 1935, when the defendant sold collateral and applied the proceeds to the unpaid principal balance and to the payment of interest. The proceeds of other collateral sold February 19, 1935, were also applied to interest, the total interest thus paid amounting to $3,997.42.

The $3,500 note secured by the non-interest-bearing certificate of deposit was canceled by the defendant on his records by offsetting as of November 17, 1930, the certificate of deposit against the note, with minor adjustments for interest and payment of taxes on bank deposits.

Action under Title 12, U.S.C. § 86, 12 U.S.C.A. § 86, was instituted within the two-year period. At the trial it was the contention of the plaintiff that the transaction by which the bank required him to purchase the non-interest-bearing certificate of deposit was a device on the part of the bank to collect usury on his outstanding notes to the bank. The defendant did not seriously contest this charge but claimed that as the bank was in receivership no liability existed under the statute, Title 12, U.S.C. §§ 85 and 86, 12 U.S.C.A. §§ 85, 86. The District Court held that the transaction was usurious under Kentucky law, that the

bank thereby forfeited the entire interest which the $20,000 note carried, and gave judgment in favor of the plaintiff for the entire amount of interest retained by the defendant from the proceeds of the sale of the collateral, being $2,760.82 with interest at six per cent from January 15, 1935, and the further sum of $1,236.60 with interest at six per cent from February 19, 1935. However, the Court held that the provision of Title 12, U.S.C. § 86, 12 U.S.C.A. § 86, that twice the amount of the usurious interest thus paid may be recovered by the person who has paid such interest, or his legal representatives, from the association taking or receiving the same applies only to a bank engaged in business as a going concern and not to the receiver of such a bank appointed by the Comptroller of Currency to liquidate the association. The court therefore denied the double recovery provided for under § 86.

We think that the judgment of the District Court is correct. Under the federal statute state usury laws apply in fixing the legal rate of interest chargeable [Schumacher v. Lawrence, 6 Cir., 108 F. 2d 576; Panos v. Smith, 6 Cir., 116 F.2d 445], and the legal rate in Kentucky is six per cent. The courts of Kentucky in usury cases look behind the form of the transaction to its substance (Hurt v. Crystal Ice & Cold Storage Co., 215 Ky. 739, 286 S.W. 1055), and by this transaction the plaintiff, who was actually indebted to the bank in the principal amount of $23,500, paid six per cent interest on $27,000, or approximately seven per cent interest on $23,500. Any amount charged as interest above the maximum rate of six per cent is usury in Kentucky (Lindon v. Morgan County National Bank, 275 Ky. 556, 122 S.W.2d 126), and hence the entire interest retained by the receiver was forfeited. Title 12, U.S. C. § 86, 12 U.S.C.A. § 86.

If the bank had been operating as a going concern when the suit was filed, clearly the plaintiff could have recovered twice the amount of the interest paid; and he contends in his cross-appeal that the court erred in denying a double recovery. It is urged that the receiver stands in the shoes of the national banking association and is liable not only for the interest but for the full amount of the penalty. We are unable to agree with this contention. While the decision in Panos v. Smith, supra, is broad enough to authorize a double recovery against the receiver, this question was

not raised in that case. For certain purposes, as plaintiff contends, the association is kept alive in receivership, but it is to the end that the bank may be liquidated. The double penalty provision for the benefit of the debtor from whom usury is exacted is a statutory remedy and the statute which created it must be construed according to the clear meaning of the enactment. Cf. Mc-Collum v. Hamilton National Bank, 303 U.S. 245, 247, 58 S.Ct. 568, 82 L.Ed. 819. We think that the allowance of double recovery "from the association" means exactly what it says, namely, from the national banking association itself and, ipso facto, not from its receiver. After receivership the association is divested of control. Moreover, the receiver is the agent not of the association, but of the United States (United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L. Ed. 872), subject to the control not of the association, but of the Comptroller of the Currency. Title 12, U.S.C. § 192, 12 U.S. C.A. § 192. In other words, the statute allows the double recovery only during the period of the association's operation as a going concern and not during the period subsequent to receivership when the bank is in course of liquidation.

This construction is supported by sound practical considerations. A national bank during normal operation could pay the amount of the double penalty from its profits so that its creditors and depositors would not suffer. But when the bank is in receivership any depletion of the estate over and above the amount actually retained by the receiver in violation of Title 12, U.S.C. § 86, 12 U.S.C.A. § 86, will affect creditors and depositors who were in no way connected with or responsible for the usurious transaction. The purpose of the punitive double recovery provision, which is to prevent repetition of the offense, does not exist when the bank is in process of liquidation and its activities are being progressively curtailed. The court properly denied the double recovery.

Nor are we impressed with defendant's argument that the statute permits no recovery here because while it allows a double recovery against the banking association it does not expressly provide for recovery of the usurious interest from the receiver. This contention ignores the important fact that the receiver retained $3,997.42 of interest which the federal statute declares to be forfeited. The Congress considered that this money so forfeited belonged to the person from whom it was exacted as usurious interest or it would not have authorized the double recovery. To permit its retention by the defendant would result in unjust enrichment of the bank's estate. While it is true that the federal statute does not cover this exact situation, the pleadings and proof may properly be considered the basis for an action in money had and received. Cf. Nash v. Towne, 5 Wall. 689, 18 L.Ed. 527; Bayne et al. Trustees v. United States, 93 U.S. 642, 23 L.Ed. 997; Myers v. Hurley Motor Co., 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515, 50 A.L.R. 1181; Jones v. Howard, 208 Ky. 757, 271 S.W. 1048; Meriwether v. Bell, 139 Ky. 402, 58 S.W. 987, 139 Am.St.Rep. 488.

The defendant receiver is presumed to know the law and to be aware of the federal statute. In addition, he was in fact apprised of plaintiff's claim of usury. Therefore he has retained the money under such circumstances that in equity and good conscience he ought not to withhold it.

■ While an action in money had and received was not technically pleaded, under the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which apply to pending proceedings and were in effect before this action was finally submitted, a technical pleading to conform to the facts proven was not necessary. American Fork & Hoe Co. v. Stampit Corp., 6 Cir., 125 F.2d 472. Here the conceded facts made the remedy of money had and received applicable and required judgment allowing recovery of the interest actually retained.

The judgment is affirmed.