PROFESSIONAL ASSET MANAGE-
MENT, INC., a California
corporation, Plaintiff,

v.

PENN SQUARE BANK, N.A., now known as Deposit Insurance National Bank of Oklahoma City; Federal Deposit Insurance Corporation, receiver; First Penn Corporation, an Oklahoma corporation; Peat, Marwick, Mitchell & Co., a partnership; James Blanton; Dean York; Bill P. Jennings; Frank L. Murphy; Eldon L. Beller; Bill G. Patterson; Richard T. Dunn; John R. Preston; Ronald H. Burks; Elizabeth Merrick Coe; Gary M. Cook; J.C. Cravens; Richard C. Haugland; Ken L. Kenworthy; C.F. "Tag" Kimberling; Marvin K. Margo; H. Mead Norton; James G. Randolph; Jerry Richardson; W.A. "Dub" Ross; Gene Smelser; Bill Stubbs; Carl W. Swan; J.D. Allen; Longhorn Gas Programs, Inc.; Longhorn Gas Co., Inc.; Longhorn Oil and Gas Company; Longhorn 1980 Private Drilling Program; Robert A. Hefner, III; GHK Corporation; Kenneth E. Tureaud; Saket Petroleum Co.; Kesat; Saket Racing Stables; Saket River Ridge Development Co., Defendants.

No. CIV–82–1357–W.

United States District Court,
W.D. Oklahoma.

June 2, 1983.

Ross Arbiter, Lyle R. Mink, K. Phillip Knierim and Barbara Brown, Gordon, Weinberg, Zipser, Rogers & Wells, Erwin E. Adler, Patricia A. Beaman, Carol B. Sherman, Los Angeles, Cal., Gene A. Castleberry and Robert A. Wiener, Oklahoma City, Okl., for plaintiff.

Stephen P. Friot, Spradling, Alpern, Friot & Gum, Oklahoma City, Okl., for Cravens, J.C. and Norton, H. Mead.

John W. Vardaman, Jr., John K. Villa, Gerson A. Zweifach, Williams & Connolly, Washington, D.C., Peter B. Bradford, Bradford, Haswell, Jones, Oklahoma City, Okl., for Swan, Carl W.

Philip F. Horning, Horning, Johnson & Grove, Oklahoma City, Okl., for Dunn, Richard T.

Jack G. Bush, Gary R. Underwood, Oklahoma City, Okl., for Kimberling, C.F. "Tag".

Robert C. Margo, George F. Short, S. Thomas Adler, Short, Barnes, Wiggins, Margo, Adler & Worten, Oklahoma City, Okl., for Margo, Marvin K.

J. William Conger and James C. Prince, Larry D. Hartzog, Hartzog, Conger & Cason, Earl D. Mills, John M. Perry III, Foliart, Mills & Niemeyer, Oklahoma City, Okl., for Peat, Marwick, Mitchell & Co., Blanton, James and York, Dean.

Charles C. Green, Turner, Turner, Green & Braun, Oklahoma City, Okl., for Jennings, Bill P.

Richard B. Talley, Talley, Perrine & Smith, Norman, Okl., for Beller, Eldon L.

James W. Bill Berry, James W. Bill Berry & Associates, Oklahoma City, Okl., for Burks, Ronald H.

John C. Snodgrass and David T. Hedges, Jr., Vinson & Elkins, Houston, Tex., James E. Work, Shirk, Work, Robinson & Williams, Oklahoma City, Okl., for Coe, Elizabeth Merrick, Cook, Gary M., Haugland, Richard C., Kenworthy, Ken L., Randolph, James G., Richardson, Jerry, Ross, W.A. "Dub" and Smelser, Gene.

Harold M. Durall, Oklahoma City, Okl., for Murphy, Frank L.

Stephen D. Powell, Kirk & Chaney, Oklahoma City, Okl., for Stubbs, Bill.

John N. Goodman, Oklahoma City, Okl., for Preston, John R.

Burck Bailey, Warren F. Bickford, IV, Fellers, Snider, Blankenship, Bailey & Tip-

pens, Oklahoma City, Okl., for Patterson, Bill G.

Charles C. Baker, Oliver S. Howard, Gable & Gotwals, Tulsa, Okl., for Penn Square Bank, N.A., now known as Deposit Insurance National Bank of Oklahoma City and Federal Deposit Insurance Corp., receiver.

## ORDER

LEE R. WEST, District Judge.

In addition to its Federal Rule 12(b)(6) challenge to the sufficiency of the complaint, which is addressed in a separate order of this court, the Federal Deposit Insurance Corporation [hereinafter "FDIC"] as receiver of the Penn Square Bank has moved to strike the plaintiff's claim for punitive damages as to it under Federal Rule 12(f). The plaintiff has responded, both to the FDIC's initial motion, going to the original complaint, and its supplemental motion, going to the first amended complaint. For the reasons discussed below, the FDIC's motion is granted.

■ The FDIC's application is styled a motion to strike. However, Federal Rule of Civil Procedure 12(f) does not permit the relief which the FDIC seeks. By its own terms, Rule 12(f) only allows the court to strike insufficient defenses or "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The plaintiff's claim for punitive damages fits into neither category. See generally 5 C. Wright & A. Miller, Federal Practice and Procedure §§ 1381 (insufficient defenses), 1382 (redundant, immaterial, impertinent, or scandalous matter) (1969).

Nevertheless, this Court will treat the FDIC's improperly denominated motion to strike as a motion to dismiss under Federal Rule 12(b)(6). See Commercial Union Insurance Co. v. Upjohn Co., 409 F.Supp. 453, 454–55 (W.D.La.1976). Cf. Hometowne Builders, Inc. v. Atlantic Nat'l Bank, 477 F.Supp. 717, 719–20 (granting Rule 12(b)(6) motion to dismiss claim for punitive damages). See generally 5 C. Wright & A.

Miller, Federal Practice and Procedure, supra, § 1380 at 782–83 ("[t]he technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice hardly can result ..."). To do otherwise would be to retreat to the strict, technical form of common law practice that the Federal Rules have abandoned. See e.g., Fed.R.Civ.P. 1, 7(c), 8(e)(1), and 8(f). See generally 5 C. Wright & A. Miller, Federal Practice and Procedure, supra, §§ 1281, 1286 (regarding the liberal pleading and practice philosophy of the Federal Rules).

Regarding the substance of the motion, the FDIC has made a very persuasive argument that, as receiver of the failed Bank, it is not liable for punitive damages as a matter of law. There are actually two elements to the FDIC's argument, each of which is analyzed separately below.

■ First, to award punitive damages against the receiver would be contrary to the theory underlying such awards and would be manifestly unjust.[1] Punitive or exemplary damages, which are an exception to the general remedial principle of compensation for injury, are imposed for two reasons, to punish the wrongdoer and to deter others. See Oller v. Hicks, 441 P.2d 356, 360 (Okl.1967); C. McCormick, Handbook of the Law of Damages § 77 (1935); 1 T. Sedgwick, A Treatise on the Measure of Damages § 360 (9th ed. 1912). See also Symposium on the Oklahoma Law of Damages, 6 Okla.L.Rev. 289, 293–98 (1953). In the context of the liquidation of a failed national bank, as here, these considerations carry little weight. On July 5, 1982, the Comptroller of the Currency declared Penn Square Bank insolvent pursuant to 12 U.S.C. § 191, closed the Bank, and appointed the FDIC as its receiver pursuant to 12 U.S.C. § 1821(c); as receiver, the FDIC represents the Bank and its depositors, creditors, and shareholders. See Landy v. Federal Deposit Insurance Corp., 486 F.2d 139, 147–48 (3 Cir.1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974). See also 12 U.S.C. §§ 193, 194, 1821(d).

1. This is in accord with the ancient maxim ratio legis est anima legis, the reason of the law is the soul of the law. Without the one there is no basis for the other.

Thus, an award of punitive damages against the receiver would not punish the Bank, but its innocent creditors and uninsured depositors. Furthermore, this is too high a price to pay to deter others, especially when it is levied against those who are without fault. *See Lane v. Schilling,* 130 Or. 119, 279 P. 267, 269 (1929). *Accord Anderson v. Hershey,* 127 F.2d 884, 887 (6th Cir.1942). If the plaintiff is able to make a case for punitive damages as to the other, individual defendants, then that will be punishment and deterrent enough.

Second, there is substantial authority, applicable by analogy, that punitive damages may not be assessed against the estate of a deceased tortfeasor. *See Morriss v. Barton,* 200 Okl. 4, 190 P.2d 451, 459–60 (1948); 1 T. Sedgwick, *A Treatise on the Measure of Damages, supra,* § 362. *See also Symposium on the Oklahoma Law of Damages, supra,* 6 Okla.L.Rev. at 295–96. Although this conclusion is based in part on an interpretation of the survival statutes, *see, e.g., Morriss v. Barton, supra,* it is also based on the inapplicability of the punishment rationale once the tortfeasor has died, *see, e.g., Sheik v. Hobson,* 64 Iowa 146, 19 N.W. 875, 875–76 (1884).

Accordingly, the FDIC's motion to dismiss the plaintiff's claims for punitive damages as to it hereby is GRANTED.